1 | DARREL J. HIEBER (CA SBN 100857)
darrel.hieber@skadden.com
2 | MARINA V. BOGORAD (CA SBN 217524)
marina.bogorad@skadden.com
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
4 | Los Angeles, California 90071-3144
Telephone: (213) 687-5000
5 | Facsimile: (213) 687-5600

6 | JOHN H. BEISNER (CA SBN 081571)
john.beisner@skadden.com
7 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
8 | Washington, D.C. 20005
Telephone: (202) 371-7000
9 | Facsimile: (202) 393-5760

10 | Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

11

12 | IN THE UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14 | WESTERN DIVISION

15

16 | GLENN AND DEIRDRE DICKERSON, TAMMY FOX-ISICOFF, JOHN AND SAMANTHA EDDY, GARY FRUTKOFF, DANIEL AND SHELENA HUNTER, CHARLES AND ROSEMARY OVERLY, STEVE AND JENNIFER SCHRODER, AND ISAAC AND GAIL WALKOVER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC.,

Defendant.

) CASE NO.: CV-10-5163-R-(JEMx)
)
) ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT
)
) Date: December 13, 2010
) Time: 10:00 am
) Courtroom: 8

1

# <u>TABLE OF CONTENTS</u>

Page

ARGUMENT......................................................................................................3

I.     PLAINTIFFS HAVE NOT PROPERLY PLED THE CAUSATION AND/OR RELIANCE ELEMENTS OF THEIR CONSUMER FRAUD CLAIMS (COUNTS I, II, III, VIII, XI, XII, XIII, XIV AND XV)................3

     A.    All Of The Plaintiffs' Consumer Fraud Claims Fail Because They Are Not Pled With The Particularity Required By Rule 9(b)..............3

     B.    The Pennsylvania Plaintiffs' Claims Are Also Barred Under The Economic Loss Doctrine.....................................................................7

II.    PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY (COUNTS IV, IX). .............................................8

     A.    None Of The Plaintiffs Has Adequately Identified A Defect In "Material Or Workmanship" Covered By The Express Warranty At Issue.........................................................................................8

     B.    The California, Florida, Michigan And Maryland Plaintiffs' Claims For Breach Of Express Warranty Also Fail For Lack Of Privity.........................................................................................11

     C.    The California, New York, Oregon, Pennsylvania And Texas Plaintiffs' Claims For Breach Of Express Warranty Also Fail For Lack Of Reliance.......................................................................12

     D.    The Michigan And Oregon Plaintiffs' Express Warranty Claims Fail For Lack Of Notice. ...............................................................13

III.   PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (COUNTS V, X). ...14

     A.    Plaintiffs Have Failed To Allege That The Washers At Issue Were Unmerchantable. ...................................................................14

     B.    The California, Florida, New York And Oregon Plaintiffs' Claims For Breach Of Implied Warranty Fail For Lack Of Privity....17

     C.    The Michigan And Oregon Plaintiffs' Implied Warranty Claims Also Fail For Lack Of Notice............................................................17

IV.   PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIMS (COUNT VI) FAIL FOR THE SAME REASONS THAT THEIR EXPRESS AND IMPLIED WARRANTY CLAIMS ARE BARRED. .......18

V.    PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT (COUNT VII) FAIL. ...........................................................................................19

i

1

A.   The Non-Pennsylvania Plaintiffs Fail To State A Claim For
2     Unjust Enrichment Because They Do Not Allege That They Have
     No Adequate Remedy At Law. ...........................................................20

3     B.   The Florida, Maryland, Michigan, New York, Pennsylvania And
     Texas Plaintiffs' Unjust Enrichment Claims Also Fail Because
4     They Have Not Alleged That They Conferred A Benefit On
     Electrolux. ........................................................................................22

5
     C.   The Pennsylvania Plaintiffs Have Failed To State A Claim For
6     Unjust Enrichment Because Their Other Tort Claims Fail As A
     Matter Of Law. .................................................................................24

7
     CONCLUSION ....................................................................................25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

1

## **TABLE OF AUTHORITIES**

2

<u>Page</u>

3

## **FEDERAL CASES**

4

*Ackermann v. Wyeth Pharms.*,
    471 F. Supp. 2d 739 (E.D. Tex. 2006) ..........................................................12

5

6

*In re Actimmune Marketing Litigation*,
    No. C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408 (N.D. Cal. Nov. 6,

7

    2009) ...................................................................................................................5

8

*Allegheny General Hospital v. Philip Morris, Inc.*,

9

    228 F.3d 429 (3d Cir. 2000)..........................................................................25

10

*Allen v. G.D. Searle & Co.*,

11

    No. 86-1402-FR, 1989 U.S. Dist. LEXIS 5069 (D. Or. May 3, 1989)............13

12

*Ashcroft v. Iqbal*,

13

    _ U.S. _, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..................................3, 12

14

*Brazier v. Hasbro, Inc.*,

15

    No. 99 Civ. 11258 (MBM), 2004 U.S. Dist. LEXIS 4064 (S.D.N.Y. Mar.
    9, 2004) .............................................................................................................15

16

17

*Brothers v. Hewlett-Packard Co.*,

18

    No. 06-02254 RMW, 2007 U.S. Dist. LEXIS 13155 (N.D. Cal. Feb. 12,
    2007) .................................................................................................................10

19

20

*Business Radio, Inc. v. Relm Wireless Corp.*,
    373 F. Supp. 2d 1317 (M.D. Fla. 2005) .........................................................15

21

22

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008).........................................................................18

23

24

*Clougher v. Home Depot U.S.A., Inc.*,
    696 F. Supp. 2d 285 (E.D.N.Y. 2010)............................................................20

25

26

*County of Mercer v. UniLect Corp.*,
    612 F. Supp. 2d 638 (W.D. Pa. 2009) ..............................................................9

27

28

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Crosby v. Crosby*,
    769 F. Supp. 197 (D. Md. 1991) ....................................................22

*David v. American Suzuki Motor Corp.*,
    629 F. Supp. 2d 1309 (S.D. Fla. 2009).....................................20, 21

*Eaton Corp. v. Magnavox Co.*,
    581 F. Supp. 1514 (E.D. Mich. 1984) ...........................................13

*In re Facebook PPC Adver. Litig.*,
    No. 5:09-cv-03043-JF, 2010 U.S. Dist. LEXIS 87769 (N.D. Cal. Aug. 25,
    2010) .................................................................................6

*Freidman v. GMC*,
    No. 08 Civ. 2458 (SAS), 2009 U.S. Dist. LEXIS 13875 (S.D.N.Y. Feb.
    23, 2008) ..........................................................................17

*Gerlinger v. Amazon.com, Inc.*,
    311 F. Supp. 2d 838 (N.D. Cal. 2004)......................................20, 21

*Harden v. Ford Motor Co.*,
    408 F. Supp. 2d 315 (E.D. Mich. 2005) ...........................................9

*Heindel v. Pfizer Inc.*,
    381 F. Supp. 2d 364 (D.N.J. 2004) ............................................6, 8

*Hines v. Mercedes-Benz USA, LLC*,
    358 F. Supp. 2d 1222 (N.D. Ga. 2005) ........................................6, 8

*Independence Apts. Assocs. v. Louisiana-Pacific Corp.*,
    44 F. Supp. 2d 1120 (D. Or. 1999)...............................................9

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000)......................................................23

*Meaunrit v. Pinnacle Foods Group, LLC*,
    No. C 09-04555 CW, 2010 U.S. Dist. LEXIS 43858 (N.D. Cal. May 5,
    2010) ...............................................................................18

iv

*Meridian Project System, Inc. v. Hardin Construction Co.*,
404 F. Supp. 2d 1214 (E.D. Cal. 2005) ............................................................4

*Muhammad v. Brown & Williamson Tobacco Corp.*,
No. 1:95-C, 1996 U.S. Dist. LEXIS 14408 (W.D. Mich. Sept. 3, 1996) ........15

*O'Shea v. Littleton*,
414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ....................................1

*O'Sullivan v. Duane Reade, Inc.*,
No. 108570/05, 2010 N.Y. Misc. LEXIS 911 (N.Y. Gen. Term. Apr. 20,
2010) ................................................................................................................9

*Pacheco v. Boar's Head Provisions Co.*,
No. 1:09-CV-298, 2010 U.S. Dist. LEXIS 30463 (W.D. Mich. Mar. 30,
2010) ..............................................................................................................20

*Philip Morris USA Inc. v. Felizardo*,
No. 03 Civ 5891 (HB), 2004 U.S. Dist. LEXIS 11154 (S.D.N.Y. June 18,
2004) ................................................................................................................6

*Riegel v. Medtronic, Inc.*,
No. 99-CV-0649, 2003 U.S. Dist. LEXIS 27454 (N.D.N.Y. Dec. 2, 2003)....12

*Robinson v. American Honda Motor Co.*,
551 F.3d 218 (4th Cir. 2009).............................................................................9

*Shouey v. Duck Head Apparel Co.*,
49 F. Supp. 2d 413 (M.D. Pa. 1999) ...............................................................15

*Smith v. Bristol-Myers Squibb Co.*,
No. 3:06-cv-6053, 2009 U.S. Dist. LEXIS 121062 (D.N.J. Dec. 30, 2009)......7

*Solid Concepts, LLC v. Fallen Soldiers, Inc.*,
No. DKC 09-2377, 2010 U.S. Dist. LEXIS 80022 (D. Md. Aug. 9, 2010).....20

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
171 F.3d 912 (3d Cir. 1999)......................................................................24, 25

v

*Stearns v. Select Comfort Retail Corp.*,
    No. 08-2746 JF, 2009 U.S. Dist. LEXIS 48367 (N.D. Cal. June 5, 2009) ...................................................................................9, 12, 18

*Strauss v. Ford Motor Co.*,
    439 F. Supp. 2d 680 (N.D. Tex. 2006) ..........................................15

*T.W.M. v. American Medical Systems, Inc.*,
    886 F. Supp. 842 (N.D. Fla. 1995) ...............................................11

*Tex. Carpenters Health Benefit Fund, IBEW-NECA v. Philip Morris, Inc.*,
    21 F. Supp. 2d 664 (E.D. Tex. 1998) ...........................................22

*Tietsworth v. Sears, Roebuck & Co.*,
    No. 5:09-CV-00288 JF (HRL), 2009 U.S. Dist. LEXIS 98532 (N.D. Cal. Oct. 13, 2009) .......................................................... 14, 15, 16

*Tolliver v. Monaco Coach Corp.*,
    No. 8:06-cv-856-T-30TGW, 2006 U.S. Dist. LEXIS 40007 (M.D. Fla. June 16, 2006) ...................................................................17

*In re Toshiba America HD DVD Mktg. & Sales Practices Litig.*,
    No. 08-939 (DRD), 2009 U.S. Dist. LEXIS 82833 (D.N.J. Sept. 10, 2009) ..........................................................................................4, 5

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .......................................................3

*W. Coast Life Insurance Co. v. Life Brokerage Partners LLC*,
    No. 08-80897-Civ-Ryskamp/Vitunac, 2009 U.S. Dist. LEXIS 81650 (S.D. Fla. Aug. 11, 2009) ..................................................................22

*Werwinski v. Ford Motor Co.*,
    286 F.3d 661 (3d Cir. 2002)........................................................7, 8

*Williams v. Kia Motors America, Inc.*,
    No. 05-60018, 2005 U.S. Dist. LEXIS 40865 (E.D. Mich. Oct. 14, 2005) .....10

vi

*Yu-Santos v. Ford Motor Co.*,
    No. 1:06-CV-01773-AWI-DLB, 2009 U.S. Dist. LEXIS 41001 (E.D. Cal. May 14, 2009) ...................................................................................... 11, 17

*Yurcic v. Purdue Pharma, L.P.*,
    343 F. Supp. 2d 386 (M.D. Pa. 2004) .......................................................... 12

**STATE CASES**

*Arthur Glick Leasing, Inc. v. William J. Petzold, Inc.*,
    858 N.Y.S.2d 405, 51 A.D.3d 1114 (N.Y. App. Div. 2008) ......................... 10

*Ayanru v. Gen. Motors Acceptance Corp.*, 495 N.Y.S.2d 1018, 130 Misc. 2d
    440 (N.Y. Civ. Ct. 1985) ............................................................................. 19

*Clark v. Ford Motor Co.*,
    612 P.2d 316, 46 Ore. App. 521 (Or. Ct. App. 1980) .................................. 19

*County of Clatsop v. Ehler*,
    203 P.3d 322, 226 Ore. App. 305 (Or. Ct. App. 2009) ................................ 20

*Davis v. Homasote Co.*,
    574 P.2d 1116, 281 Ore. 383 (Or. 1978) ..................................................... 17

*Fortune Prod. Co. v. Conoco, Inc.*,
    52 S.W.3d 671 (Tex. 2000) .......................................................................... 21

*Henry Schein, Inc. v. Stromboe*,
    102 S.W.3d 675 (Tex. 2002) ....................................................................... 4, 6

*Heritage Resources, Inc. v. Caterpillar Finance Services Corp.*,
    774 N.W.2d 332, 284 Mich. App. 617 (Mich. Ct. App. 2009) ..................... 11

*Lankford v. Rogers Ford Sales*,
    478 S.W.2d 248 (Tex. Civ. App. 1972) ......................................................... 9

*Neal v. SMC Corp.*,
    99 S.W.3d 813 (Tex. Ct. App. 2003) ........................................................... 19

vii

*New Dimension Dev., Inc. v. Orchard, Hiltz & McCliment, Inc.*,
    No. 262565, 2005 Mich. App. LEXIS 2667 (Mich. Ct. App. Oct. 27,
    2005) ..................................................................................................23

*Newman v. Tualatin Development Co.*,
    597 P.2d 800, 287 Ore. 47 (Or. 1978)..........................................................12

*Ocana v. Ford Motor Co.*,
    992 So. 2d 319 (Fla. Ct. App. 2008) ...............................................................9

*Pearson v. Philip Morris, Inc.*,
    No. 0211-11819, 2006 WL 663004 (Or. Cir. Ct. Feb. 23, 2006) .....................6

*Phillip Morris Inc. v. Angeletti*,
    752 A.2d 200, 358 Md. 689 (Md. 2000) .........................................................6

*Princess Cruise Lines, Ltd. v. Superior Court of L.A. County*,
    179 Cal. 4th 35, 101 Cal. Rptr. 3d 323 (2010) ...............................................6

*Prudential Insurance Co. of America v. Jefferson Associates, Ltd.*,
    896 S.W.2d 156 (Tex. 1995)...........................................................................6

*Pulte Home Corp. v. Parex, Inc.*,
    923 A.2d 971, 174 Md. App. 681 (Md. Ct. Spec. App. 2007) .......................11

*Simpson v. Standard Container Co.*,
    527 A.2d 1337, 72 Md. App. 199 (Md. Ct. Spec. App. 1987) ......................15

*Sperry v. Crompton Corp.*,
    810 N.Y.S.2d 498, 26 A.D.3d 488 (N.Y. App. Div. 2006)...........................23

*Stutzle v. Rhone-Poulenc S.A.*,
    No. 002768, 2003 Phila. Ct. Com. Pl. LEXIS 74 (Pa. Com. Pl. Sept. 26,
    2003) .............................................................................................23, 24

*Suzuki Motor Corp. v. Superior Court*,
    37 Cal. App. 4th 1291, 44 Cal. Rptr. 2d 526 (1995).....................................14

viii

*Vandermale v. Harvey Automobile, Inc.*,
   No. 253100, 2005 WL 1459610 (Mich. Ct. App. June 21, 2005) .................... 6

**STATE STATUTES**

13 Pa. Cons. Stat. § 2314(b)(1) .......................................................... 14

73 Pa. Stat. § 201-9.2 ...................................................................... 4

Cal. Bus. & Prof. Code § 17204 ........................................................ 4

Cal. Civ. Code § 1780(a) ................................................................. 4

Cal. Com. Code § 2314(2) ............................................................... 14

Fla. Stat. § 501.211 ....................................................................... 4

Fla. Stat. § 672.314(2) .................................................................. 14

Md. Code Ann. Com. Law § 2-314(2) .............................................. 14

Md. Commercial Law Code Ann. § 13-408 ........................................ 4

Michigan Comp. Laws § 445.911 ...................................................... 4

Mich. Comp. Laws § 440.2314(2) .................................................... 14

Mich. Comp. Laws § 440.2607(3) ............................................... 13, 18

NY Gen. Bus. Law § 349 .................................................................. 4

N.Y. U.C.C. § 2-314(2) .................................................................. 14

Or. Rev. Stat. § 72.6070(3) ............................................................ 18

Or. Rev. Stat. § 72.3140(2) ............................................................ 14

Or. Rev. Stat. § 646.638 .................................................................. 4

Tex. Bus. & Com. Code § 2.314(b)(1) ............................................. 14

ix

1   The 14 named plaintiffs in this case allege that they purchased energy-efficient
2   front-load washing machines manufactured by Electrolux that developed "foul
3   odors." (First Am. Compl. ("Compl.") ¶ 9, Dkt. No. 6.)  Many of the plaintiffs admit
4   that they were told by Electrolux that the front-load design of the washers could
5   result in some odors absent proper owner maintenance, such as running bleach cycles,
6   drying the inside of the machine after use and leaving the washer door open between
7   washes.  (*See id*. ¶¶ 12-19.)  Nonetheless, plaintiffs assert claims for statutory
8   consumer fraud (Counts I-III, VIII, XI, XII, XIII, XIV and XV), breach of express
9   warranty (Counts IV and IX ), breach of implied warranty (Counts V and X),
10  violation of the Magnuson-Moss Warranty Act ("MMWA") (Count VI) and unjust
11  enrichment (Count VII).  Plaintiffs also seek to certify six single-state classes under
12  the laws of each of the named plaintiffs' home states.  (*Id*. ¶ 87.)

13  At a later point, Electrolux will (if necessary) challenge certification of
14  plaintiffs' proposed classes.  But at this juncture, the Court is first required to explore
15  a threshold question:  have the named plaintiffs, as a matter of law, pleaded valid
16  causes of action against the defendant?  If the named plaintiffs have failed this initial
17  hurdle, further proceedings on class certification and other issues will be unnecessary.
18  *See, e.g.*, *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674,
19  682 (1974).

20  As set forth below, all of plaintiffs' claims fail under the relevant states' laws
21  for a variety of reasons:

22  • Plaintiffs' consumer fraud claims (Counts I, VI, VII and VIII) must be
23     dismissed because each plaintiff has failed to allege the causation and/or
24     reliance elements of his or her claim with the particularity required under
25     Federal Rule of Civil Procedure 9(b).  In addition, the Pennsylvania plaintiffs'
26     consumer fraud claims are barred by the economic loss doctrine.

27

28

1

1   • Plaintiffs' claims for breach of express warranty (Count II) fail because
2   plaintiffs have not alleged a defect in "material or workmanship" – the only
3   thing covered by the warranties that came with their washers.  A number of the
4   plaintiffs' claims must also be dismissed because they have not alleged privity
5   with Electrolux, as required under the applicable states' laws.  Many of the
6   plaintiffs' claims fail for the additional reason that they have not adequately
7   pled reliance on the express warranty at issue.  Finally, the Michigan and
8   Oregon plaintiffs' express warranty claims are barred because they do not
9   allege notice.

10   • Plaintiffs' claims for breach of the implied warranty of merchantability (Count
11   III) fare no better.  These claims fail because none of the plaintiffs allege that
12   their washing machines are not fit for their ordinary purpose.  Most of the
13   named plaintiffs' implied warranty claims also fail due to the absence of
14   privity.  In addition, the Michigan and Oregon plaintiffs' implied warranty
15   claims are also barred because they do not allege notice.

16   • Plaintiffs' MMWA claims (Count V) fail for the same reasons as their state
17   law warranty claims.

18   • Many of the plaintiffs' unjust enrichment claims (Count IV) are defective
19   because plaintiffs assert contract-based warranty claims and therefore cannot
20   also recover in quasi-contract for unjust enrichment.  In addition, because
21   plaintiffs do not claim to have purchased their washing machines directly from
22   Electrolux – as opposed to a retailer – they have not alleged that they ever
23   "enriched" the Company.  Finally, the Pennsylvania plaintiffs' unjust
24   enrichment claims fail because they are dependent on the plaintiffs' tort-based
25   claims, which are barred as a matter of law.

26   Because the named plaintiffs' claims all fail under the properly applicable
27   laws, the entire case must be dismissed and cannot proceed to class certification.

28

2

1  **ARGUMENT**

2  In order "[t]o survive a motion to dismiss, a complaint must contain sufficient

3  factual matter, accepted as true, to 'state a claim to relief that is plausible on its

4  face.'" *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949, 173 L. Ed. 868, 873 (2009)

5  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility

6  standard . . . asks for more than a sheer possibility that a defendant has acted

7  unlawfully." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads

8  factual content that allows the court to draw the reasonable inference that the

9  defendant is liable for the misconduct alleged." *Id.* In scrutinizing the complaint for

10 plausibility, a court looks for factual allegations, not legal conclusions. While

11 "[w]ell-pleaded factual content is accepted as true for purposes of determining

12 whether the complaint states a plausible claim for relief," the court should not accept

13 "legal conclusions couched as factual allegations" or "[t]hreadbare recitals of the

14 elements of a cause of action, supported by mere conclusory statements." *Id.*

15 In addition, claims that "sound in fraud," such as plaintiffs' statutory

16 consumer fraud allegations, are subject to a higher pleading standard – i.e., the

17 particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *See,*

18 *e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). "[I]f

19 particular averments of fraud are insufficiently pled under Rule 9(b), a district court

20 should 'disregard' those averments, or 'strip' them from the claim." *Id.* at 1105.

21 As set forth below, plaintiffs' claims do not satisfy these standards.

22 **I.    PLAINTIFFS HAVE NOT PROPERLY PLED THE CAUSATION**
23 **AND/OR RELIANCE ELEMENTS OF THEIR CONSUMER FRAUD**
24 **CLAIMS (COUNTS I, II, III, VIII, XI, XII, XIII, XIV AND XV).**

25 **A.    All Of The Plaintiffs' Consumer Fraud Claims Fail Because They**
   **Are Not Pled With The Particularity Required By Rule 9(b).**

26 Plaintiffs' consumer fraud claims fail because plaintiffs have not alleged the

27 causation and/or reliance elements of these claims with the particularity required

28

3

1   under Rule 9(b).

2       Although plaintiffs generally claim that Electrolux misrepresented or omitted

3   material facts about its washing machines, they do not allege that each plaintiff heard

4   the alleged misrepresentations, when he or she heard them, and/or how the alleged

5   misrepresentations affected their purchasing decisions. *See Meridian Project Sys.,*

6   *Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1225 (E.D. Cal. 2005) (dismissing

7   plaintiff's consumer fraud claim for failing to set forth "the who, what, where, when

8   and how of [the defendant's] . . . alleged . . . misrepresentations"). As a result,

9   plaintiffs have failed to adequately plead a causal link between Electrolux's alleged

10  misrepresentations and each plaintiff's alleged injury, as required under the

11  applicable states' consumer fraud laws.[1] *See, e.g.*, *In re Toshiba America HD DVD*

12  *Mktg. & Sales Practices Litig.*, No. 08-939 (DRD), 2009 U.S. Dist. LEXIS 82833, at

13  *19-20 (D.N.J. Sept. 10, 2009).

14      In *In re Toshiba*, for example, the plaintiffs alleged that the manufacturer of a

15  high-definition ("HD") DVD player led consumers to believe that HD DVD was

16  state-of-the-art technology and would be the preferred format for viewing movies –

17  but then abandoned the HD DVD format in favor of new technology called Blu-Ray

18  discs. *Id.* at *4-7. The plaintiffs claimed that the defendants had made a number of

19  false statements and omissions in press releases and advertising suggesting that HD

20

21  [1]    Cal. Bus. & Prof. Code § 17204 (Unfair Competition Law) (requiring proof
    that the plaintiff has lost money or property "as a result of" the unfair practice
22  alleged); Cal. Civ. Code § 1780(a) (same under California's Consumer Legal
    Remedies Act); Fla. Stat. § 501.211 (same under Florida's Deceptive And Unfair
23  Trade Practices Act); Md. Commercial Law Code Ann. § 13-408 (same under
    Maryland's Consumer Protection Act); Michigan Comp. Laws § 445.911 (same
24  under Michigan's Consumer Protection Act); Or. Rev. Stat. § 646.638 (same under
    Oregon's Unfair Trade Practices Act); 73 Pa. Stat. § 201-9.2 (same under
25  Pennsylvania's Unfair Trade Practices Consumer Protection Law); NY Gen. Bus.
    Law § 349 ("any person who has been injured by reason of any violation of" New
26  York's consumer protection statute may bring suit); *Henry Schein, Inc. v. Stromboe*,
    102 S.W.3d 675, 705 (Tex. 2002) (under the Texas Deceptive Trade Practices Act "a
27  plaintiff must show that . . . [the defendant's] acts constituted a producing cause of
    the consumer's damage") (citing Tex. Bus. & Com. Code § 17.50).

28

4

1   DVD "was a standard for 'Today, Tomorrow and Beyond,'" when in fact the

2   company knew that HD DVD technology was on the decline.  *Id*. at *12-13.  As a

3   result of these alleged misstatements, the plaintiffs claimed that they paid a premium

4   price for their DVD players, when they otherwise would not have purchased them.

5   The defendants moved to dismiss plaintiffs' claims, and the court granted the motion.

6          With regard to plaintiffs' consumer fraud claims, the court noted that plaintiffs

7   were required not only to "state a claim to relief that is plausible on its face" – but

8   also to "state the circumstances of [the defendant's] alleged fraud with sufficient

9   particularity to place the defendant on notice of the precise misconduct" alleged.  *Id*.

10  at *19, *25 (citation and internal quotation marks omitted).  The plaintiffs failed to

11  do so for a number of reasons.  Most notably, the plaintiffs failed to allege sufficient

12  facts to support a finding that "there was a causal relationship between the unlawful

13  conduct and the loss."  *Id*. at *39.  Specifically, plaintiffs did not adequately plead

14  causation because they "fail[ed] to allege when [the defendant] made its alleged

15  misrepresentations ***and when, if ever, the Plaintiffs were exposed to those***

16  ***misrepresentations***."  *Id*. (emphasis added).  As a result, the court held, the

17  plaintiffs' consumer fraud claims failed.  *See also In re Actimmune Mktg. Litig.*, No.

18  C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408, at *33 (N.D. Cal. Nov. 6, 2009)

19  (plaintiffs suing under California's consumer fraud statutes must provide "sufficient

20  specificity from which the court could infer that any of [the] misrepresentations

21  caused injury to plaintiffs by inducing them to pay for [the product]").

22         The same is true here.  As set forth above, each of the applicable states'

23  consumer fraud laws requires some showing that the plaintiff sustained a loss ***as a***

24  ***result of*** the defendant's alleged misrepresentations.  (*See* n.1, *supra*.)  But plaintiffs

25  fail to plead that causation element with the necessary specificity.  While the

26  allegations made by each plaintiff vary somewhat, one thing is consistent throughout

27  their complaint:  no plaintiff alleges that he or she was ever exposed to Electrolux's

28

5

1    alleged misstatements, let alone when he or she became exposed to those statements

2    or how the statements affected his or her washing machine purchases, if at all.  Thus,

3    just as in *Toshiba*, plaintiffs have not adequately pled causation.[2]  For this reason

4    alone, their consumer fraud claims should be dismissed.

5         This is all the more true with respect to the named plaintiffs from six of the

6    eight states, which require consumer fraud plaintiffs to allege reliance in addition to

7    causation – i.e., that they relied on Electrolux's alleged misstatements about its

8    washing machines when deciding to purchase those machines.[3]  In order to satisfy

9    Rule 9(b) with respect to a cause of action requiring reliance, a plaintiff must do

10

---

11    [2]     To the extent plaintiffs argue that they are excused from properly pleading

12    causation because they also allege omissions, such an argument should be rejected. *See*, *e.g.*, *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161

13    (Tex. 1995) ("For DTPA violations," the plaintiff must establish "that an act or omission was a substantial factor in bringing about injury which would not otherwise

14    have occurred."); *Philip Morris USA Inc. v. Felizardo*, No. 03 Civ. 5891 (HB), 2004 U.S. Dist. LEXIS 11154, at *23-24 (S.D.N.Y. June 18, 2004) (plaintiffs alleging

15    claims under New York's § 349 must prove an "actual misrepresentation or omission to a consumer, by which the consumer is caused actual [] harm); *In re Facebook*

16    *PPC Adver. Litig.*, No. 5:09-cv-03043-JF, 2010 U.S. Dist. LEXIS 87769, at *29-30 (N.D. Cal. Aug. 25, 2010) (UCL claims based on omission theory must include an

17    allegation that "had the omitted information been disclosed, one would have been aware of it and behaved differently").

18    [3]     **California**: *Princess Cruise Lines, Ltd. v. Superior Court of L.A. County*, 179

19    Cal. 4th 35, 42-43, 46, 101 Cal. Rptr. 3d 323, 328, 331 (2010) (proof of reliance is required to state a claim under California's Unfair Competition Law and Consumer

20    Legal Remedies Act).  **Maryland**:  *Phillip Morris Inc. v. Angeletti*, 752 A.2d 200, 235, 358 Md. 689, 753 (Md. 2000) ("Reliance by consumers would also seem to be a

21    necessary precondition to awarding restitution or damages pursuant to the statutory consumer protection provisions pleaded by Respondents.").  **Michigan**: *Vandermale*

22    *v. Harvey Auto., Inc.*, No. 253100, 2005 WL 1459610 (Mich. Ct. App. June 21, 2005) ("Reliance on the seller's representations is an implicit element of the MCPA.").

23    **Oregon**:  *Pearson v. Philip Morris, Inc.*, No. 0211-11819, 2006 WL 663004, at *5 (Or. Cir. Ct. Feb. 23, 2006) (unpublished) ("The theory still boils down to an

24    assertion that what defendant did say was false.  Such a theory requires proof of reliance.").  **Pennsylvania**: *Heindel v. Pfizer Inc.*, 381 F. Supp. 2d 364, 384 (D.N.J.

25    2004) ("reliance is, of course, a necessary element of a [Pennsylvania statutory consumer fraud] claim").  **Texas**:  *Henry Schein, Inc.*, 102 S.W.3d at 705 ("to

26    succeed in a DTPA laundry-list suit, a plaintiff must show that (1) he is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts [laundry list], (3) on

27    which the plaintiff relied, and (4) these acts constituted a producing cause of the consumer's damages") (internal quotations omitted).

28

6

1    more than merely state that he or she generally "relied" on the defendant's alleged

2    statements.  *See Smith v. Bristol-Myers Squibb Co.*, No. 3:06-cv-6053, 2009 U.S.

3    Dist. LEXIS 121062, at *23-25 (D.N.J. Dec. 30, 2009) (dismissing consumer fraud

4    claims under Pennsylvania law).  In addition, the plaintiff must allege "specific

5    facts" regarding when the alleged misstatement was received and how it affected the

6    plaintiff's purchasing decision.  *Id.* at *24.  Plaintiffs here do not allege any "specific

7    facts" to support an allegation of reliance.  Not one of the plaintiffs in this case

8    claims to have seen or heard a specific misstatement from Electrolux about its front-

9    loading washing machines prior to purchasing his or her machine – much less that he

10   or she relied on that alleged misstatement in deciding to buy an Electrolux front-

11   loading machine, as opposed to some other brand or model.  For all of these reasons,

12   plaintiffs' consumer fraud claims fail.

13
                **B.    The Pennsylvania Plaintiffs' Claims Are Also Barred Under The
14              Economic Loss Doctrine.**

15          The consumer fraud claims of the Pennsylvania plaintiffs – the Overlys – fail

16   for the additional reason that they are barred by the economic loss doctrine, which

17   provides that plaintiffs alleging claims based on a product defect cannot recover in

18   tort unless they allege physical injury.  *See Werwinski v. Ford Motor Co.*, 286 F.3d

19   661, 671 (3d Cir. 2002) (dismissing vehicle-related consumer fraud claims under

20   Pennsylvania law because "Pennsylvania state courts have exhibited a lack of

21   hospitality to tort liability for purely economic loss").

22          The purpose of the economic loss doctrine is to "place a check on limitless

23   liability for manufacturers and establish clear boundaries between tort and contract

24   law."  *Id.* at 680.  Otherwise, every disagreement about a product purchase would

25   morph into a tort claim, to the detriment of both tort and warranty principles.  *Id.* at

26   680-81.  As the U.S. Court of Appeals explained in *Werwinski*, "exempting

27   [statutory fraud] claims from the effects of the economic loss doctrine would

28   virtually nullify the doctrine since . . . claims arising from product failure can readily

be recast as misrepresentation claims." *Id*. at 681. Thus, absent an allegation of personal injury, plaintiffs asserting product defect claims under Pennsylvania law can only recover on a theory of breach of warranty – they cannot recover in tort. *See Heindel*, 381 F. Supp. 2d at 384-85 (granting summary judgment for defendant on consumer fraud claims based on economic loss doctrine).

Just like the plaintiffs in *Werwinski*, the Overlys seek to recover economic losses they allegedly sustained as a result of purchasing Electrolux washing machines. However, they do not allege that they suffered any physical injury from using their machines. As a result, the Overlys are barred from asserting tort-based claims under Pennsylvania's economic loss doctrine. For this reason too, their consumer fraud claims should be dismissed.

## II.   PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY (COUNTS IV, IX).

Each named plaintiff's claim for breach of express warranty fails for several reasons. *First*, none of the plaintiffs has adequately pled a defect in "material or workmanship" – the only type of defect covered under the Electrolux express warranty. *Second*, the California, Florida, Michigan and Maryland plaintiffs' claims for express warranty are barred because they have not alleged privity with Electrolux. *Third*, the California, New York, Oregon and Texas plaintiffs' express warranty claims also fail for lack of reliance. And *fourth*, the Michigan and Oregon plaintiffs cannot state a claim for breach of express warranty because they do not allege that they gave Electrolux notice and an opportunity to cure.

### A.   None Of The Plaintiffs Has Adequately Identified A Defect In "Material Or Workmanship" Covered By The Express Warranty At Issue.

While state laws vary with regard to the elements of a claim for breach of express warranty, each of the state laws at issue generally requires plaintiffs to prove that the defendant actually breached an express promise regarding its goods. *See,*

8

1  *e.g.*, *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 224 (4th Cir. 2009) ("To state

2  a claim for breach of express warranty under Maryland law, a plaintiff must

3  allege . . . the product did not conform to the warranty[.]"); *County of Mercer v.*

4  *UniLect Corp.*, 612 F. Supp. 2d 638, 644 (W.D. Pa. 2009) (under Pennsylvania law,

5  a plaintiff must "prove that the product did not conform to the affirmation or

6  promise"); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 U.S. Dist.

7  LEXIS 48367, at *12-13 (N.D. Cal. June 5, 2009) (under California law, express

8  warranty plaintiff must establish, *inter alia*, that defendant "made an affirmation of

9  fact or promise or provided a description of its goods" that was breached); *Harden v.*

10 *Ford Motor Co.*, 408 F. Supp. 2d 315, 320 (E.D. Mich. 2005) (express warranty

11 claim failed where, *inter alia*, "there [was] no evidence of a substantial defect in the

12 material and workmanship of Jayco-manufactured parts or structure in Plaintiff's

13 RV"); *Independence Apts. Assocs. v. Louisiana-Pacific Corp.*, 44 F. Supp. 2d 1120,

14 1122 (D. Or. 1999) ("Under Oregon law, '[a] seller, as the master of the warranty's

15 destiny, is free to make it as broad or as narrow as it chooses.'") (citation omitted);

16 *O'Sullivan v. Duane Reade, Inc.*, No. 108570/05, 2010 N.Y. Misc. LEXIS 911, at

17 *16 (N.Y. Gen. Term. Apr. 20, 2010) ("The Uniform Commercial Code ('UCC'), as

18 adopted in New York, provides that '[a]ny affirmation of fact or promise made by

19 the seller to the buyer which relates to the goods and becomes part of the basis of the

20 bargain creates an express warranty that the goods shall conform to the affirmation

21 or promise[.]'") (citation omitted); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324

22 (Fla. Ct. App. 2008) (in order to recover for breach of express limited warranty,

23 plaintiff must "allege and prove that the manufacturer did not comply with the

24 limited express warranty's terms"); *Lankford v. Rogers Ford Sales*, 478 S.W.2d 248,

25 250 (Tex. Civ. App. 1972) ("where there is an express written warranty, the seller

26 will not be bound beyond the terms of the warranty.").

27

28

9

1    Here, Electrolux provided an express warranty for repair or replacement of

2  parts that are "defective in materials or workmanship."  However, plaintiffs do not

3  allege that any part of their machines – such as the basket, the tub or the water seal –

4  contained a defect in "materials or workmanship."  Rather, plaintiffs complain that

5  the high-efficiency washing machine design is defective, because it allegedly

6  "cause[s] Biofilm to accumulate inside the Machines, and development of the Mold

7  Problem which leads to Foul Odors."  (Compl. ¶ 9.)  But these problems do not arise

8  from a defect in "materials or workmanship."  Instead, they amount to allegations of

9  design defects that are beyond the scope of the express warranty at issue.  *See*

10  *Brothers v. Hewlett-Packard Co.*, No. 06-02254 RMW, 2007 U.S. Dist. LEXIS

11  13155, at *5, *13-15 (N.D. Cal. Feb. 12, 2007) (holding, under California law, that a

12  warranty promising to "repair or replace . . . defective component parts or hardware

13  products" in a computer "does not guarantee against design defects, it guarantees

14  against defects in materials or workmanship"); *Williams v. Kia Motors Am., Inc.*, No.

15  05-60018, 2005 U.S. Dist. LEXIS 40865, at *15 (E.D. Mich. Oct. 14, 2005)

16  (warranty against defects in "materials or workmanship" is not a "promise that

17  [plaintiff] would never have a vehicle problem"); *Arthur Glick Leasing, Inc. v.*

18  *William J. Petzold, Inc.*, 858 N.Y.S.2d 405, 408, 858 A.D.3d 1114, 1116 (N.Y. App.

19  Div. 2008) (trial court did not err in refusing to set aside verdict in favor of defendant

20  where boat engines were "free from defects in material or workmanship" because

21  they were "operable" and they "perform[ed] in accordance with their technical

22  specifications").  Moreover, plaintiffs have not identified a component of the

23  machines that is not "operable" or that fails to comply with any technical

24  specifications provided by Electrolux.  As a result, plaintiffs have not alleged that

25  Electrolux breached a term of its express warranty to repair or replace defects in

26  "materials or workmanship."  For this reason alone, plaintiffs' claims for breach of

27  express warranty fail.

28

**B.      The California, Florida, Michigan And Maryland Plaintiffs' Claims For Breach Of Express Warranty Also Fail For Lack Of Privity.**

The California, Florida, Michigan and Maryland plaintiffs face an additional problem with respect to their express warranty claims:  they have not alleged privity. The laws of California, Florida, Michigan and Maryland require plaintiffs asserting claims for breach of express warranty to allege a direct relationship between the buyer and the seller.  *See, e.g.*, *Yu-Santos v. Ford Motor Co.*, No. 1:06-CV-01773-AWI-DLB, 2009 U.S. Dist. LEXIS 41001, at *61 (E.D. Cal. May 14, 2009) (California law) (in California, the "general rule is that privity of contract is required in an action for breach of either express or implied warranty") (citation omitted); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (Florida law) ("Because the complaint does not allege privity of contract, it fails to state a cause of action for breach of express or implied warranties[.]"); *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 774 N.W.2d 332, 344, 284 Mich. App. 617, 638 (Mich. Ct. App. 2009) (Michigan law) ("We have held in this case that, because an express warranty is a specific term of the contract, contractual privity is required for a plaintiff to enforce an express warranty against a remote manufacturer."); *Pulte Home Corp. v. Parex, Inc.*, 923 A.2d 971, 995 n.14, 174 Md. App. 681, 724 n.14 (Md. Ct. Spec. App. 2007) (Maryland law) (trial court properly dismissed express warranty claims with prejudice because, *inter alia*, "'Maryland does not recognize [an] exception to the privity requirement when the claim of breach of express warranty does not involve a claim of personal injury'") (citation omitted). Accordingly, a purchaser may not properly seek "'warranty recovery against a manufacturer with whom he has no direct contractual nexus.'"  *Yu-Santos*, 2009 U.S. Dist. LEXIS 41001, at *62 (citation omitted).  Here, plaintiffs do not allege that they purchased their washing machines directly from Electrolux.  To the contrary, the Complaint alleges that the plaintiffs purchased their washing machines from retailers, such as P.C. Richard & Son.  (*See* Compl. ¶¶ 12-19.)  As a result, the express

11

1  warranty claims alleged by the California, Florida, Michigan and Maryland plaintiffs

2  must be dismissed for this reason as well.

3      **C.    The California, New York, Oregon, Pennsylvania And Texas Plaintiffs' Claims For Breach Of Express Warranty Also Fail For Lack Of Reliance.**

4

5      The California, New York, Oregon, Pennsylvania and Texas plaintiffs'

6  express warranty claims also fail because they have not adequately pled reliance – an

7  essential element of their claims under the relevant states' laws.  *See, e.g.*, *Stearns*,

8  2009 U.S. Dist. LEXIS 48367, at \*12-13 (California law) (a claim for breach of

9  express warranty must "allege that the buyer reasonably relied on those terms");

10  *Ackermann v. Wyeth Pharms.*, 471 F. Supp. 2d 739, 744 (E.D. Tex. 2006) (Texas law)

11  ("[T]he Court agrees with the Defendant that no express warranty was identified, ***but***

12  ***more importantly***, there has been no showing that Ackermann relied on any express

13  warranty.") (emphasis added); *Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386,

14  395 (M.D. Pa. 2004) (Pennsylvania law) (dismissing express warranty claims for

15  lack of reliance because "Plaintiffs have not pled that Mr. Yurcic read or was aware

16  of any warranties"); *Riegel v. Medtronic, Inc.*, No. 99-CV-0649, 2003 U.S. Dist.

17  LEXIS 27454, at \*6 (N.D.N.Y. Dec. 2, 2003) (New York law) (dismissing breach of

18  warranty claim "[a]bsent any evidence of reliance [on the express warranty]"), *aff'd*,

19  451 F.3d 104; *Newman v. Tualatin Dev. Co.*, 597 P.2d 800, 804, 287 Ore. 47, 54 (Or.

20  1978) (Oregon law) (affirming order denying class certification of express warranty

21  claims because "reliance upon the express warranty . . . would have to be

22  individually determined").

23      Although plaintiffs generally allege that all washing machine purchasers

24  "relied on Defendant's express Warranties to their detriment" (Compl. ¶ 193), the

25  named plaintiffs do ***not*** allege that they actually saw or were aware of these alleged

26  warranties before purchasing their machines.  As a result, plaintiffs have not alleged

27  sufficient facts to support an allegation of reliance.  *See Yurcic*, 343 F. Supp. 2d at

28

12

395 (dismissing express warranty claims for lack of reliance because "Plaintiffs have not pled that Mr. Yurcic read or was aware of any warranties"); *Iqbal*, 129 S. Ct. at 1949 (a court should not accept "legal conclusions couched as factual allegations" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). For this reason too, the California, New York, Oregon, Pennsylvania and Texas plaintiffs' express warranty claims are barred.

**D.    The Michigan And Oregon Plaintiffs' Express Warranty Claims Fail For Lack Of Notice.**

The Michigan and Oregon plaintiffs fail to state a claim for breach of express warranty for an additional reason: they have not alleged that they gave Electrolux notice of the alleged breach. Under both Michigan and Oregon law, claims for breach of express warranty require: (1) that the plaintiff gave the warrantor reasonable notice of the problem; and (2) that the plaintiff gave the warrantor a reasonable opportunity to cure. Mich. Comp. Laws § 440.2607(3)(a) ("The buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]"); Or. Rev. Stat. § 72.6070(3)(a) (same); *see also Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514, 1531 (E.D. Mich. 1984) ("The buyer must provide reasonable notice in order to recover for a breach of warranty."); *Allen v. G.D. Searle & Co.*, No. 86-1402-FR, 1989 U.S. Dist. LEXIS 5069, at *2-3 (D. Or. May 3, 1989) (filing complaint does not satisfy notice requirement under Oregon law).

Nowhere in the Amended Complaint is there any allegation that either the Schroders (Michigan) or the Hunters (Oregon) contacted Electrolux regarding the alleged problems with their washing machines before filing this lawsuit. As a result, these plaintiffs fail to allege that they provided Electrolux with notice of – or the opportunity to cure – its alleged breach of warranty, and their claims must be dismissed for this reason too.

13

III.   **PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (COUNTS V, X).**

Plaintiffs' claims for breach of the implied warranty of merchantability also fail for a number of reasons.  ***First***, they have not alleged that the washers at issue were not merchantable at the time of sale.  ***Second***, the California, Florida, New York and Oregon plaintiffs' claims fail for lack of privity.  And ***third***, the Michigan and Oregon plaintiffs' implied warranty claims are barred (like their claims for breach of express warranty) because these plaintiffs have not alleged that they gave Electrolux reasonable notice and an opportunity to cure.

A.   **Plaintiffs Have Failed To Allege That The Washers At Issue Were Unmerchantable.**

While different states analyze implied warranty claims differently, all of the relevant states require – at a bare minimum – that plaintiffs asserting claims for breach of the implied warranty of merchantability establish that the product at issue was unmerchantable.  *See, e.g.*, Cal. Com. Code §§ 2314(2)(a) & (c); Fla. Stat. §§ 672.314(2)(a) & (c); Md. Code Ann. Com. Law §§ 2-314(2)(a) & (c); 13 Pa. Cons. Stat. §§ 2314(b)(1) & (3); Mich. Comp. Laws §§ 440.2314(2)(a) & (c); N.Y. U.C.C. §§ 2-314(2)(a) & (c); Or. Rev. Stat. §§ 72.3140(2)(a) & (c); Tex. Bus. & Com. Code §§ 2.314(b)(1) & (3); *see also Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296, 44 Cal. Rptr. 2d 526, 529 (1995) (citations omitted) (implied warranty of merchantability does not "impose a general requirement that goods precisely fulfill the expectation of the buyer").

Here, plaintiffs' implied warranty claims are based on the allegation that Electrolux's high-efficiency front-load washing machines "accumulate Biofilm, develop Foul Odors and [have a] Mold Problem."  (Compl. ¶ 198.)  But a front-loading washer is not unmerchantable simply because consumers must perform routine maintenance on it that is not required on less efficient top-loading washers or because the machines fail to live up to every consumer expectation.  *See Tietsworth v.*

14

1   *Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 U.S. Dist. LEXIS 98532,

2   at *37 (N.D. Cal. Oct. 13, 2009) (California law); *see also, e.g.*, *Business Radio, Inc.*

3   *v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (M.D. Fla. 2005) (Florida law)

4   (plaintiff's implied warranty claim was "meritless" because it "does not contend that

5   the Relm radios fail to pass as radios in ordinary use"); *Strauss v. Ford Motor Co.*,

6   439 F. Supp. 2d 680, 685 (N.D. Tex. 2006) (Texas law) (dismissing claim for breach

7   of implied warranty of merchantability where vehicle was fit for its ordinary purpose

8   of providing transportation); *Brazier v. Hasbro, Inc.*, No. 99 Civ. 11258 (MBM),

9   2004 U.S. Dist. LEXIS 4064, at *13-14 (S.D.N.Y. Mar. 9, 2004) (New York law)

10   (claim for breach of implied warranty involving a toy ball failed because ball

11   achieved its ordinary purposes: bouncing and rolling); *Shouey v. Duck Head*

12   *Apparel Co.*, 49 F. Supp. 2d 413, 429 (M.D. Pa. 1999) (Pennsylvania law) (no

13   implied warranty claim where plaintiff failed to show that lighter did not fulfill its

14   ordinary purpose: producing a flame); *Muhammad v. Brown & Williamson Tobacco*

15   *Corp.*, No. 1:95-CV-254, 1996 U.S. Dist. LEXIS 14408, at *9 (W.D. Mich. Sept. 3,

16   1996) (Michigan law) ("Because there is no allegation that the tobacco is not fit for

17   [smoking] . . . Plaintiff has failed to state a claim for breach of the implied warranty

18   of merchantability."); *Simpson v. Standard Container Co.*, 527 A.2d 1337, 1342, 72

19   Md. App. 199, 207 (Md. Ct. Spec. App. 1987) (Maryland law) (affirming dismissal

20   of implied warranty claim involving gasoline container that did not contain

21   childproof cap because plaintiffs failed to allege that it was "not fit for" its ordinary

22   purpose: storing gasoline).

23       In *Tietsworth*, for example, plaintiff purchasers of top-loading washing

24   machines commenced a putative class action against the manufacturer and retailer,

25   asserting claims for, *inter alia*, breach of the implied warranty of merchantability.

26   2009 U.S. Dist. LEXIS 98532, at *2-3. Plaintiffs alleged that their machines

27   contained a defect in the electrical control boards that caused the machines to stop in

28

15

1  mid-cycle and display error codes. Plaintiffs further contended that this defect

2  forced users to restart the machines to complete a single load of laundry. *Id.* The

3  court dismissed plaintiffs' claims for breach of the implied warranty of

4  merchantability, holding that plaintiffs failed to adequately allege that their Machines

5  were "unfit for their ordinary purpose of cleaning clothes." *Id.* at *36-37. The court

6  explained that "[t]he mere manifestation of a defect by itself does not constitute a

7  breach of the implied warranty of merchantability." *Id.* at *36 (internal citation and

8  quotation marks omitted). Rather, "there must be a ***fundamental*** defect that renders

9  the product unfit for its ordinary purpose." *Id.* Applying this principle, the court

10  determined that plaintiffs had failed to properly allege that their machines were

11  "unfit for their ordinary purpose of cleaning clothes," highlighting that "[p]laintiffs

12  [failed] to claim that they ***cannot use their Machines at all*** or that they have been

13  forced to replace their Machines with other washers that are capable of washing

14  clothes." *Id.* at *37 (emphasis added). Thus, the court granted defendants' motion to

15  dismiss plaintiffs' claims for breach of the implied warranty of merchantability.

16      The same result is appropriate here. Plaintiffs generally allege that "the

17  Washing Machines do not satisfy the purpose for which they were purchased; i.e. to

18  clean clothes, towels, bedding, and other washable items . . . and make Clothes smell

19  fresh and clean." (Compl. ¶ 10.) However, just as in *Tietsworth*, plaintiffs do not

20  allege that that they "cannot use their Machines ***at all*** or that they have been forced

21  to replace their Machines with other washers that are capable of washing clothes."

22  *Tietsworth*, 2009 U.S. Dist. LEXIS 98532, at *37.[4] For this reason alone, plaintiffs'

23  claims for breach of the implied warranty of merchantability must be dismissed.

24  _____

25  [4]      The Overly plaintiffs are the only plaintiffs who claim that they no longer use
26  their Electrolux washing machine because of the alleged defect. (Compl. ¶ 17.) As a
   result, they are the only plaintiffs who have arguably pled that their washing machine
27  was unmerchantable. However, even the Overlys do not allege that they ***could not***
   use their machine or that their machine was incapable of washing clothes.

28

**B.      The California, Florida, New York And Oregon Plaintiffs' Claims For Breach Of Implied Warranty Fail For Lack Of Privity.**

The California, Florida, New York and Oregon plaintiffs' implied warranty claims must also be dismissed because they have not alleged that they were in privity of contract with Electrolux, as required under those states' laws.  *See Yu-Santos*, 2009 U.S. Dist. LEXIS 41001, at *61 (in California, the "general rule is that privity of contract is required in an action for breach of either express or implied warranty") (citation omitted); *Tolliver v. Monaco Coach Corp.*, No. 8:06-cv-856-T-30TGW, 2006 U.S. Dist. LEXIS 40007, at *5 (M.D. Fla. June 16, 2006) (Florida law) (dismissing implied warranty claim because "[p]laintiff purchased the vehicle directly from [retailer]" and, "[t]hus, there is no privity between [p]laintiff and [defendant]"); *Freidman v. GMC*, No. 08 Civ. 2458 (SAS), 2009 U.S. Dist. LEXIS 13875, at *8 (S.D.N.Y. Feb. 23, 2008) (New York law) (dismissing claim because "in the absence of a claim for personal injury, purchasers may not recover for breach of an implied warranty from a party with whom they are not in privity"); *Davis v. Homasote Co.*, 574 P.2d 1116, 1117, 281 Ore. 383, 386 (Or. 1978) (Oregon law) (holding that trial court did not err in withdrawing plaintiffs' implied warranty claims from the jury because "privity of contract is essential before a purchaser can recover economic loss from a manufacturer for breach of implied warranty").  As set forth in Section II.B, above, all of the plaintiffs allege that they purchased their washing machines from third-party retailers – not Electrolux.  As a result, they have not alleged privity of contract, and their implied warranty claims fail for this reason, too.

**C.      The Michigan And Oregon Plaintiffs' Implied Warranty Claims Also Fail For Lack Of Notice.**

The Schroders and Hunters are also precluded from asserting claims for breach of implied warranty because they have not properly alleged that they provided Electrolux with notice of the alleged breach and an opportunity to cure.  Plaintiffs'

17

1   implied warranty claims are subject to the same notice requirements applicable to

2   their claims for breach of express warranty.  *See* Mich. Comp. Laws §

3   440.2607(3)(a); Or. Rev. Stat. § 72.6070(3)(a).  However, as explained in Section

4   II.D, above, plaintiffs have not alleged that they gave Electrolux notice of their

5   intention to pursue claims for breach of warranty and/or that such notice was given

6   within a reasonable time of plaintiffs' discovery of the alleged breach.  For this

7   reason, too, their implied warranty claims must be dismissed.

8   **IV.   PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIMS**

9        **(COUNT VI) FAIL FOR THE SAME REASONS THAT THEIR**
         **EXPRESS AND IMPLIED WARRANTY CLAIMS ARE BARRED.**

10           Plaintiffs allege that Electrolux also violated the MMWA, 15 U.S.C. §§ 2301

11  *et seq*.  (*See* Compl. ¶¶ 156-165.)  This claim fails for all the same reasons as

12  plaintiffs' state-law warranty claims.  In addition, even if plaintiffs were able to

13  prevail under the MMWA, they would not be entitled to "revoke their acceptance of

14  the Washing Machines" under the statute.  (*See id.* ¶ 165.)

15           Although the "MMWA provides a federal cause of action for state warranty

16  claims[,] [] it does ***not*** expand the rights under those claims, and dismissal of the

17  state law claims requires the same disposition with respect to an associated MMWA

18  claim."  *Stearns*, 2009 U.S. Dist. LEXIS 48367, at *28 (internal citation omitted,

19  emphasis added).  Because none of the plaintiffs is able to state a valid claim for

20  breach of express or implied warranty under the applicable states' laws, plaintiffs'

21  MMWA claims must also fail.  *See, e.g., Clemens v. DaimlerChrysler Corp.*, 534

22  F.3d 1017, 1022 n.3, 1024 (9th Cir. 2008) (affirming dismissal of MMWA claims

23  because they "hinge on the state law warranty claims[,]" which failed under

24  California law); *Meaunrit v. Pinnacle Foods Group, LLC*, No. C 09-04555 CW,

25  2010 U.S. Dist. LEXIS 43858, at *33 (N.D. Cal. May 5, 2010) (similar); *Stearns*,

26  2009 U.S. Dist. LEXIS 48367, at *23 (same).

27

28

18

1    Moreover, even if plaintiffs were able to recover under the MMWA, they are

2  not entitled – as a matter of law – to all of the remedies they seek.  In addition to

3  requesting damages, equitable relief, fees and costs under the MMWA, plaintiffs also

4  allege that they "are entitled to revoke their acceptance of the Washing Machines."

5  (Compl. ¶ 165.)  However, a "majority of courts who have addressed the question of

6  whether revocation is available against a manufacturer with whom

7  the buyer has not dealt directly have held that the buyer has no such entitlement."

8  *Hines v. Mercedes-Benz USA, LLC*, 358 F. Supp. 2d 1222, 1233-34 (N.D. Ga. 2005)

9  (collecting cases); *see also, e.g.*, *Neal v. SMC Corp.*, 99 S.W.3d 813, 818 (Tex. Ct.

10  App. 2003) (plaintiff "had no privity of contract with" manufacturer and thus could

11  not "obtain the remedy of revocation" even though Texas law does not require

12  privity of contract for breach-of-warranty claims); *Ayanru v. Gen. Motors*

13  *Acceptance Corp.*, 495 N.Y.S.2d 1018, 1023, 130 Misc. 2d 440, 446 (N.Y. Civ. Ct.

14  1985) (plaintiff was not entitled to the remedy of revocation "[s]ince [plaintiff]

15  didn't purchase the car from either defendant"); *Clark v. Ford Motor Co.*, 612 P.2d

16  316, 318-19, 46 Ore. App. 521, 525-26 (Or. Ct. App. 1980) (similar).  Here, none of

17  the plaintiffs alleges that he or she purchased a washing machine directly from

18  Electrolux.  As a result, plaintiffs would not be entitled to revocation under the

19  MMWA even if their MMWA claims otherwise had merit.  For all of these reasons,

20  plaintiffs' MMWA claims should be dismissed.

21  ## V.   PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT (COUNT VII) FAIL.

22

23    Plaintiffs also fail to state claims for unjust enrichment.  ***First***, all of the non-

24  Pennsylvania plaintiffs' claims for unjust enrichment must be dismissed because

25  they have failed to allege that they have no adequate remedy at law.  ***Second***, the

26  Florida, Maryland, Michigan, New York, Pennsylvania and Texas plaintiffs' unjust

27  enrichment claims also fail because these plaintiffs have not properly alleged that

28  they conferred a benefit on Electrolux.  ***Third***, the Pennsylvania plaintiffs' claims for

19

1   unjust enrichment must also be dismissed because they are merely ancillary to

2   plaintiffs' tort claims – and fail for all the same reasons.

3       A.   **The Non-Pennsylvania Plaintiffs Fail To State A Claim For Unjust Enrichment Because They Do Not Allege That They Have No Adequate Remedy At Law.**

4

5       All of the states at issue – except Pennsylvania – require a plaintiff who seeks

6   to recover for unjust enrichment to allege that he or she does not have an adequate

7   remedy at law.  *See, e.g.*, *Pacheco v. Boar's Head Provisions Co.*, No. 1:09-CV-298,

8   2010 U.S. Dist. LEXIS 30463, at *14-15 (W.D. Mich. Mar. 30, 2010) (Michigan law)

9   (dismissing claim for unjust enrichment because "[p]laintiffs have not suggested that

10   they do not have a full, complete, and adequate remedy at law under the[ir] [other

11   cause of action]"); *Solid Concepts, LLC v. Fallen Soldiers, Inc.*, No. DKC 09-2377,

12   2010 U.S. Dist. LEXIS 80022, at *12-13 (D. Md. Aug. 9, 2010) (Maryland law)

13   (dismissing claim for unjust enrichment because contract governed subject matter

14   giving rise to claim and, thus, plaintiff failed to properly plead that it lacked adequate

15   remedy at law); *Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 295

16   (E.D.N.Y. 2010) (New York law) (dismissing claim for unjust enrichment because it

17   was "duplicative of [plaintiff's] statutory claim[,]" which provided him "an adequate

18   legal remedy for the conduct alleged"); *David v. Am. Suzuki Motor Corp.*, 629 F.

19   Supp. 2d 1309, 1324 (S.D. Fla. 2009) (Florida law) (dismissing unjust enrichment

20   claim because "[p]laintiff fails to allege that [warranty] remedy is inadequate, as

21   required to state a claim for unjust enrichment"); *Gerlinger v. Amazon.com, Inc.*, 311

22   F. Supp. 2d 838, 856 (N.D. Cal. 2004) (California law) (plaintiff could not assert

23   unjust enrichment claim where express contract governed the subject matter giving

24   rise to his cause of action); *County of Clatsop v. Ehler*, 203 P.3d 322, 326, 226 Ore.

25   App. 305, 313 (Or. Ct. App. 2009) (Oregon law) (affirming trial court's order

26   rejecting unjust enrichment counterclaim; "given the availability of a statutory

27   remedy, it seems inappropriate to grant defendant the equitable relief that he seeks");

28

20

1   *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (Texas law)

2   ("when a valid, express contract covers the subject matter of the parties' dispute,

3   there can be no recovery under a quasi-contract theory"). Plaintiffs here fail to make

4   such an allegation; to the contrary, they seek contract-based recovery for alleged

5   breaches of warranties, as well as tort-based recovery for alleged violations of

6   consumer fraud statutes. Under such circumstances, unjust enrichment claims like

7   plaintiffs' must be dismissed.

8       In *American Suzuki*, for example, the plaintiff brought a putative class action

9   against the defendant manufacturer of motorcycles, claiming that an alleged design

10  defect weakened the frame of defendant's motorcycles. In addition to asserting

11  claims for unjust enrichment, the plaintiff also alleged that the manufacturer

12  breached certain express warranties. *Am. Suzuki*, 629 F. Supp. 2d at 1314. The court

13  rejected plaintiff's unjust enrichment claim (without passing judgment on the

14  viability of the warranty claims) on the ground that unjust enrichment is "equitable in

15  nature and is, therefore, not available where there is an adequate legal remedy." *Id.*

16  at 1324 (internal quotation marks and citation omitted). Because the "basis of

17  Plaintiff's unjust enrichment claim [was] the alleged defect in the frame of the

18  motorcycle, which [was] also the basis of Plaintiff's breach of express warranty

19  claim," plaintiff had failed to allege that he lacked an adequate remedy at law, and

20  the unjust enrichment claims could not proceed. *Id.*

21      Similarly, in *Gerlinger*, the plaintiff alleged that he had an express agreement

22  with the defendant book sellers that the plaintiff "reli[ed] on . . . as the basis for [his]

23  standing" to bring contract-based claims against the defendants. 311 F. Supp. 2d at

24  856. Plaintiff also sued for unjust enrichment. However, because plaintiff alleged

25  that an express contract existed, the court held that he could not simultaneously

26  allege claims for unjust enrichment. According to the court, "[e]ven though Rule

27  8(e)(2) of the Federal Rules of Civil Procedure allows a party to state multiple, even

28

21

1   inconsistent claims, it does not alter a substantive right between the parties and

2   accordingly does not allow a plaintiff invoking state law to [bring] an unjust

3   enrichment claim while also alleging an express contract."  *Id.*  Plaintiff's unjust

4   enrichment claims were therefore dismissed.  *Id.*

5     The same result is proper here.  Plaintiffs have affirmatively alleged that their

6   relationship with Electrolux is governed by an express warranty – and that Electrolux

7   breached it.  Moreover, Electrolux does not dispute that an express warranty

8   accompanies its washing machines – the Company merely disputes that the warranty

9   was breached in this case.  Thus, just as in *American Suzuki* and *Gerlinger*, plaintiffs

10  have failed to allege that they lack an adequate remedy at law, and their unjust

11  enrichment claims must be dismissed.

12     **B.** **The Florida, Maryland, Michigan, New York, Pennsylvania And**
13       **Texas Plaintiffs' Unjust Enrichment Claims Also Fail Because They**
14       **Have Not Alleged That They Conferred A Benefit On Electrolux.**

15    In order to state a claim for unjust enrichment under Florida, Maryland,

16  Michigan, Pennsylvania or Texas law, a plaintiff must allege, *inter alia*, that he or

17  she "conferred a benefit" directly on the defendant that the defendant unjustly

18  retained.  *See, e.g.*, *W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08-

19  80897-Civ-Ryskamp/Vitunac, 2009 U.S. Dist. LEXIS 81650, at *30 (S.D. Fla. Aug.

20  11, 2009) (Florida law) (recommending dismissal of unjust enrichment claim

21  because defendant did not "directly benefit from the issuance of the policies")

22  (magistrate report and recommendations adopted at 2009 U.S. Dist. LEXIS 81764

23  (S.D. Fla. Sept. 4, 2009)); *Tex. Carpenters Health Benefit Fund, IBEW-NECA v.*

24  *Philip Morris, Inc.*, 21 F. Supp. 2d 664, 678 (E.D. Tex. 1998) (Texas law) (unjust

25  enrichment claims must be dismissed where "no benefit was conferred upon"

26  defendant by plaintiffs), *aff'd*, 199 F.3d 788 (5th Cir. 2000); *Crosby v. Crosby*, 769 F.

27  Supp. 197, 201 (D. Md. 1991) (Maryland law) (granting summary judgment in favor

28  of defendant on unjust enrichment claim because court was unable to find any

22

1    authority supporting an indirect benefit theory of unjust enrichment); *New*

2    *Dimension Dev., Inc. v. Orchard, Hiltz & McClimment, Inc.*, No. 262565, 2005 Mich.

3    App. LEXIS 2667, at *19-20 (Mich. Ct. App. Oct. 27, 2005) (Michigan law) (trial

4    court improperly denied defendant's motion for summary judgment on unjust

5    enrichment claim because "[t]here was no genuine issue of material fact that

6    defendant never received payments directly from plaintiff"); *Stutzle v. Rhone-*

7    *Poulenc S.A.*, No. 002768, 2003 Phila. Ct. Com. Pl. LEXIS 74, at *2-3 (Pa. Com. Pl.

8    Sept. 26, 2003) (Pennsylvania law) (dismissing claim for unjust enrichment because,

9    *inter alia*, "[p]laintiffs are indirect purchasers and had no ***direct*** dealings with

10    defendants") (emphasis added). New York law similarly requires that a plaintiff be

11    in privity with a defendant, and/or have provided a "direct benefit" to the defendant,

12    in order to state a claim for unjust enrichment. *See Sperry v. Crompton Corp.*, 810

13    N.Y.S.2d 498, 499-500, 26 A.D.3d 488, 489 (N.Y. App. Div. 2006) ("[b]ecause the

14    plaintiff was not in privity with the defendants, the plaintiff cannot maintain an

15    action against them to recover damages for unjust enrichment") (citing other New

16    York cases); *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (dismissing unjust

17    enrichment claim involving loan because the defendant did not "actually receiv[e]

18    any portion of the loan," and therefore plaintiff did "not establish the specific and

19    direct benefit necessary to support an unjust enrichment claim").

20        In *Stutzle*, for example, plaintiff purchasers of an animal feed additive brought

21    unjust enrichment and other claims against defendant sellers on behalf of a proposed

22    class. 2003 Phila. Ct. Com. Pl. LEXIS 74, at *2. Plaintiffs' claims were based on

23    the allegation that the defendants charged inflated prices for their product and

24    received excessive profits as a result of their illegal activities. *Id.* However, the

25    court dismissed the unjust enrichment claim, holding that "plaintiffs did not confer a

26    benefit upon defendants" because "[p]laintiffs are indirect purchasers and had no

27    direct dealings with defendants." *Id.* According to the court, "any unjust enrichment

28

23

1   claim would belong to the direct purchasers, not to indirect purchasers such as

2   plaintiffs." *Id.* at *2-3. As a result, plaintiffs' unjust enrichment claims were barred.

3       The Florida, Maryland, Michigan, New York, Pennsylvania and Texas

4   plaintiffs' unjust enrichment claims fail for the same reason. Plaintiffs do not – and

5   cannot – allege that they conferred a benefit directly on Electrolux (or that they were

6   in privity with it). After all, plaintiffs did not have any "direct dealings" with

7   Electrolux when they purchased their machines. Instead, plaintiffs' allegations make

8   clear that they paid retailers for washing machines that the retailers sold at a profit

9   after having paid Electrolux. Thus, the only parties on whom plaintiffs "conferred a

10  benefit" in this case are the retailers from which they purchased their machines. For

11  this additional reason, the Florida, Maryland, Michigan, New York, Pennsylvania

12  and Texas plaintiffs' claims for unjust enrichment fail as a matter of law.

13  **C.  The Pennsylvania Plaintiffs Have Failed To State A Claim For Unjust Enrichment Because Their Other Tort Claims Fail As A**

14  **Matter Of Law.**

15      The Overlys are also unable to maintain a claim for unjust enrichment because

16  Pennsylvania courts have made it clear that tort recovery on a theory of unjust

17  enrichment is inappropriate where plaintiffs also assert tort claims that fail. *See*

18  *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912,

19  936-37 (3d Cir. 1999). In *Steamfitters*, the plaintiff health and welfare funds brought

20  tort and unjust enrichment claims based on the allegation that the defendant tobacco

21  companies' alleged misrepresentations wrongfully caused the plaintiffs to pay for

22  their participants' smoking-related illnesses. The U.S. Court of Appeals for the

23  Third Circuit upheld dismissal of all of the plaintiffs' primary tort claims on a variety

24  of grounds. *Id*. The court then held that plaintiffs' unjust enrichment claims were

25  also properly dismissed because there is "no justification for permitting plaintiffs to

26  proceed on their unjust enrichment claim" once "traditional tort claims" have been

27  dismissed. *Id*. at 937. "In the tort setting," the court explained, "an unjust

28

24

1  enrichment claim is essentially another way of stating a traditional tort claim (i.e., if

2  defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly

3  enriched)"; for this reason, as go the tort claims, so go the unjust enrichment claims.

4  *Id.* at 936; *see also Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447

5  (3d Cir. 2000) (similar).

6       This principle dooms the Overlys' unjust enrichment allegations.  As set forth

7  above, plaintiffs' consumer fraud claims fail as a matter of law because plaintiffs

8  have failed to adequately plead a causal connection between Electrolux's alleged

9  misstatements about its washers and the named plaintiffs' washing machine

10 purchases – much less plead that they affirmatively relied on Electrolux's statements,

11 as required to state a claim for consumer fraud under Pennsylvania law.  (*See* Section

12 I.A, *supra*.)  Thus, just as in *Steamfitters*, plaintiff does not state a valid claim for tort,

13 and there is thus "no justification for permitting" the unjust enrichment claim to

14 proceed.  171 F.3d at 937.  Accordingly, the Overlys' unjust enrichment claims

15 should be dismissed.

16                              **CONCLUSION**

17      For the foregoing reasons, Electrolux respectfully requests that the Court enter

18 an order dismissing all counts of plaintiffs' First Amended Complaint.

19

20 DATED:  October 22, 2010             Respectfully submitted,

21                                      SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM LLP

22

23                                      By:  _____/s/ Darrel J. Hieber_____
                                              Attorney for Defendant
24                                       ELECTROLUX HOME PRODUCTS, INC.

25

26

27

28

                                        25