IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GLENN AND DEIRDRE DICKERSON, TAMMY FOX-ISICOFF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendant. | CASE NO.: CV-10-5163-R-(JEMx) <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION <br><br> Date: January 3, 2011 <br> Time: 10:00 am <br> Courtroom: 8 <br><br> Hon. Manuel L. Real <br> Action Filed:   July 14, 2010 |

Before the Court is Plaintiffs' Motion for Class Certification under Rule 23 of the Federal Rules of Civil Procedure.  After reviewing the moving, opposition and reply papers, and hearing counsel's additional oral argument, the Court holds as follows:

The burden is on the party seeking certification to establish a prima facie showing of each requirement under Rule 23(a) and an appropriate ground for certification under Rule 23(b).  *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  The motion to certify is denied because Plaintiffs failed to discharge their burden under Rule 23(b)(3) and Rule 23(b)(2) is inapplicable in the instant case.

Rule 23(b)(3) incorporates a requirement of manageability as part of the superiority element.  *See* Fed. R. Civ. P. 23(b)(3)(D).  It is not manageable to hold one trial involving seven separate states' consumer protection and warranty laws.  *Woodard v. Fidelity National Title Insurance Co.*, 2008 U.S. Dist. LEXIS 108411 (D.N.M. Dec. 8, 2008); *Haley v. Medtronics, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996).  Plaintiffs allege that "the elements of each of these claims for each state are remarkably similar."  But Plaintiffs provide no case-law, statutes, or in-depth discussion demonstrating the supposed similarities among the states' laws with respect to Plaintiffs' warranty and consumer protection claims.  As stated in *Kennedy v. Natural Balance Pet Foods*, 2010 WL 55554, at *1 (9th Cir. 2010) (quoting *Zinser* 253 F.3d 1188-89), a class action plaintiff is required to provide a thorough analysis of the applicable state laws where – as here – different states' laws would apply to the claims at issue.  Plaintiffs here have not met that burden.

Finally, Rule 23(b)(2) is inapplicable in this action because the predominant relief Plaintiffs seek is monetary, not injunctive or declaratory.  *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003).

**NOW THEREFORE**: Plaintiffs' Motion for Class Certification is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 19, 2011

_____
The Honorable Manuel L. Real

Respectfully submitted by

      /s/ Darrel J. Hieber
_____
DARREL J. HIEBER (CA SBN 100857)
darrel.hieber@skadden.com
JOHN H. BEISNER (CA SBN 081571)
john.beisner@skadden.com
JESSICA D. MILLER (pro hac vice)
jessica.miller@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

2

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION