DARREL J. HIEBER (CA SBN 100857)
darrel.hieber@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071
Tel.:  (213) 687-5000
Fax:  (213) 687-5600

JOHN H. BEISNER (CA SBN 081571)
john.beisner@skadden.com
JESSICA D. MILLER (pro hac vice)
jessica.miller@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
Tel.:  (202) 371-7000
Fax:  (202) 393-5760

J. RUSSELL JACKSON (pro hac vice)
russell.jackson@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Tel.:  (212) 735-3000
Fax:  (212) 735-2000

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GLENN AND DEIRDRE DICKERSON, TAMMY FOX-ISICOFF, JOHN AND SAMANTHA EDDY, GARY FRUTKOFF, DANIEL AND SHELENA HUNTER, CHARLES AND ROSEMARY OVERLY, STEVE AND JENNIFER SCHRODER, AND ISAAC AND GAIL WALKOVER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendant. | CASE NO.:  CV-10-5163-R-(JEMx) <br><br> **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** <br><br> Hon. Manuel L. Real <br> Action Filed:  July 14, 2010 |

1

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## <u>GOVERNING CONFIDENTIAL INFORMATION</u>

Plaintiffs Glenn and Deirdre Dickerson, Tammy Fox-Isicoff, John and Samantha Eddy, Gary Frutkoff, Daniel and Shelena Hunter, Charles and Rosemary Overly, Steve and Jennifer Schroder, and Isaac and Gail Walkover and Defendant Electrolux Home Products, Inc. ("Electrolux"), through their attorneys, have stipulated and agreed to the entry of this Stipulated Protective Order to govern the limitation of disclosure of certain information to be produced in this litigation that contains trade secrets or other confidential research, development, or sensitive commercial information.  Accordingly, the Court finds that good cause supports the entry of this Stipulated Protective Order.

IT IS HEREBY ORDERED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the information, testimony, documents and other things, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation shall be subject to the terms and provisions of this Stipulated Protective Order as set forth below.

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "Confidential Information" as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Information.

The parties hereby agree that access to and use of such documents, things and information shall be governed and limited by the provisions of this Stipulated Protective Order as set forth herein, subject to the approval of the Court.

## A.   DEFINITION OF CONFIDENTIAL INFORMATION

Confidential Information, as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which (i) is designated when it is produced as "Confidential" by the supplying party.  In designating information as Confidential Information, the party so designating will make such designation only as to that information which has not been made public or published that contains trade secret, confidential, private, and/or proprietary information.  By designating a document, thing, material, testimony or other information Confidential Information, under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

If a party considers any document, information or thing that the other party possesses by means other than its production pursuant to discovery in this action to be Confidential Information, the party which considers such document, information or thing to be Confidential Information shall notify the other party of the designation. If the parties cannot agree whether such document, information or thing constitutes Confidential Information, the party which considers the document, information or thing to be Confidential Information shall bear the burden of seeking relief from the Court within 30 days after the parties meet and confer, during which period the document, information or thing will be treated as Confidential Information.

## B.   PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION

1.   Confidential Information shall include all documents provided by a party which have been designated as Confidential Information by marking the page: "CONFIDENTIAL."  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

3

2.     The identification of information as Confidential Information by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3.     Information provided by oral testimony given in a deposition may be designated as Confidential Information by indicating on the record at the deposition the testimony which the designating party claims is Confidential Information.  Subject to the provisions of this Order, no Confidential Information may be read by anyone other than a Qualified Person.  The parties will inform the court reporter who is stenographically recording said testimony to mark those portions of the testimony they assert is Confidential Information.  The party that requests a portion of the deposition testimony be marked as Confidential Information shall pay all amounts that the court reporter charges for marking portions of the deposition transcript as Confidential Information.

4.     In the event a designation is challenged, the parties shall attempt to resolve the dispute in good faith on an expedited and informal basis.  If the challenge cannot be informally resolved within five (5) business days of a party's written challenge to the designation, the designating party will move for an appropriate ruling upon filing a formal motion from this Court within ten (10) business days of the written challenge.  The material shall continue to be treated as Confidential Information until the expiration of ten (10) business days from the date of the challenging party's written challenge to the designation.  If a motion is made by the designating party, the material will continue to be treated as Confidential Information until the Court rules.  The party requesting Confidential Information treatment shall have the burden of establishing that designation under California law.  If no motion is made, the challenged Confidential Information shall lose its status as Confidential Information.

**C.   QUALIFIED PERSONS WITH ACCESS
      TO CONFIDENTIAL INFORMATION**

1.   Information or material designated as Confidential Information, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a)   counsel of record of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation, and defendant's in-house counsel;

(b)   a party, or a present or former officer, director, employee, of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c)   consultants and experts retained or employed to assist the attorneys of named parties in the prosecution, defense, or settlement of this action;

(d)   court reporters and videographers employed in connection with this action;

(e)   graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section D herein;

(f)   non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section D herein; and

(g)   any other person only upon order of the Court or upon prior written consent of the party who designated the information or material Confidential Information, subject to and conditioned upon

5

1    compliance with Section D herein.

2        2.    All persons listed in Section C(1)(c), (e), (f) and (g) above may

3    be given access to information or material designated as Confidential Information

4    provided that they first confirm their understanding and agreement to abide by the

5    terms of this Stipulated Protective Order by completing and signing a copy of an

6    undertaking in the form attached hereto as **Exhibit A**.  However, as to deposition

7    witnesses, a party's attorney may show a witness, who comes within the description

8    of Section C(1)(b) above, this Stipulated Protective Order and Exhibit A thereto and

9    have them orally agree to Exhibit A.

10       3.    Any person may be examined as a witness during a deposition

11   concerning any information or material designated as Confidential Information to

12   which that person had lawfully received or authored prior to and apart from this

13   action.  During examination, any such witness may be shown information or material

14   designated as Confidential Information by a party which appears on its face or from

15   other documents or testimony to have been received or authored by that witness

16   from, or communicated to that witness by, that same party or otherwise appears on

17   its face to contain information about which it appears reasonably likely that the

18   witness has discoverable information, provided that the examining party's attorney

19   may show a witness, who comes within the description of Section C(1)(b) above, this

20   Stipulated Protective Order and Exhibit A thereto and have them orally agree to

21   Exhibit A.

22   **D.    RESTRICTIONS ON THE USE AND DISCLOSURE**
23   **       OF CONFIDENTIAL INFORMATION**

24       1.    Any information designated as Confidential Information shall not

25   be made available or disclosed to any person other than the Qualified Persons

26   identified in Section C.  Persons who, by virtue of the conduct of this litigation, have

27   knowledge of the designated Confidential Information shall not offer or permit its

28   disclosure or that of any information obtained, derived, compiled, or ascertained

therefrom, to any person or persons not entitled under this Stipulated Protective Order to receive such information.

2.  Disclosure of all items designated as Confidential Information in this action shall be solely for the purposes of this action, United States District Court, Central District of California, Case No. CV-10-5163-R-(JEMx), unless and until such designation is removed either by stipulation by attorneys for the named parties or by order of the Court.

3.  With respect to information designated as Confidential Information, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4.  Any document designated as Confidential Information shall be filed with the Court only if it is under seal.  Any party wishing to file under seal any document or other item designated Confidential Information shall do so in compliance with Civil Local Rule 79-5.1.

5.  In the event an attorney to this litigation seeks to show any documents or other information designated as Confidential Information to anyone other than a Qualified Person, that attorney shall first advise opposing counsel at least five (5) business days in advance, and seek to reach an informal resolution of such matters.  In the event that agreement cannot be reached, the party seeking to show the Confidential Information shall apply to the Court for relief from this Stipulated Protective Order.

**E.**   **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action occurs, but shall not apply to the trial itself.  Any party may, at or before the time of trial, seek an Order of the Court to restrict access to particular documents or testimony in the trial.

**F.   NO ADMISSION OR WAIVERS**

The execution of this Order shall not:

1.   constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential Information; or

2.   be construed as an admission or agreement that any information designated as Confidential Information is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

**G.   INADVERTENT DISCLOSURE**

Inadvertent disclosure of documents or information claimed to be privileged or protected by the producing party shall be treated according to the requirements of FRCP 26(b)(5)(B).

**H.   RETURN OR DESTRUCTION OF DOCUMENTS**

1.   Within sixty (60) calendar days of final termination of this litigation, the parties and their attorneys shall return to the producing party or its counsel all Confidential Information produced pursuant to this Stipulated Protective Order, and all summaries, reproductions, notes, extracts and excerpts therefrom.  The parties shall further request all of their witnesses, potential witnesses, experts and consultants to return, and such persons shall be obligated to return, all Confidential Information produced or disclosed to them pursuant to this Stipulated Protective Order, and all notes, reproductions, summaries, extracts and excerpts prepared therefrom.  Alternatively, the parties, their counsel, witnesses, potential witnesses , experts and consultants may certify to the producing party within the same period that the "Confidential Information" in every form produced or recorded has been destroyed.

2.   To the extent that Confidential Information becomes known to other than Qualified Persons, is published or becomes known to the public, documents and things that contain Confidential Information will not have to be

8

1   returned or destroyed as stated in Section H(1).
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

1

## CONFIDENTIALITY DECLARATION

2    I hereby declare that I am to receive information, designated as Confidential

3  Information pursuant to the terms of the Stipulated Protective Order Governing

4  Confidential Information entered the _____ day of _____, 2011, in the case

5  styled *Dickerson et al. v. Electrolux Home Products, Inc.*, Case No. CV-10-5163-R-

6  (JEMx), pending in the United States District Court for the Central District of

7  California.  I further declare that I have read a copy of the Stipulated Protective

8  Order Governing Confidential Information, and I agree to be bound by all terms set

9  forth therein.  I acknowledge my obligation to return or destroy all Confidential

10  Information in accordance with Section H thereof, and I hereby submit to the

11  jurisdiction of the aforesaid Court for the limited purpose of any proceeding to

12  enforce the terms of the Stipulated Protective Order Governing Confidential

13  Information.

14

15

16  _____                    _____

17  Date Signed                               Declarant's Signature

18                                            _____

19                                            Printed Name

20                                            _____

21                                            Address

22                                            _____

23                                            City, State, Zip Code

24

25

26

27

28

AGREED MARCH 16, 2011:

s/ Stuart M. Eppsteiner                  s/ J. Russell Jackson
EPPSTEINER & FIORICA                      SKADDEN, ARPS, SLATE,
    ATTORNEYS, LLP                             MEAGHER & FLOM LLP
Stuart M. Eppsteiner (CA SBN 098973)      Darrel J. Hieber (CA SBN 100857)
Andrew J. Kubik (CA SBN 246902)           300 South Grand Ave., N.W.
12555 High Bluff Dr., Ste. 155            Los Angeles, CA  90071
San Diego, CA  92130                      Tel.:  (213) 687-5000
Tel.:  (858) 350-1500                     Fax:  (213) 687-5600
Fax:  (858) 350-1501                      darrel.hieber@skadden.com
sme@eppsteiner.com
ajk@eppsteiner.com                        John H. Beisner (CA SBN 081571)
                                          Jessica D. Miller (pro hac vice)
Attorneys for Plaintiffs                  1440 New York Ave., N.W.
                                          Washington, D.C.  20005
                                          Tel.:  (202) 371-7000
                                          Fax:  (202) 393-5760
                                          john.beisner@skadden.com
                                          jessica.miller@skadden.com

                                          J. Russell Jackson (pro hac vice)
                                          4 Times Square
                                          New York, NY  10036
                                          Tel.:  (212) 735-3000
                                          Fax:  (212) 735-2000
                                          russell.jackson@skadden.com

                                          Attorneys for Defendant
                                          ELECTROLUX HOME
                                              PRODUCTS, INC.

IT IS SO ORDERED.


Dated:  __March 17, 2011_                 _____
                                          Hon. Manuel L. Real
                                          UNITED STATES DISTRICT
                                          COURT JUDGE

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on March 16, 2011, a copy of the foregoing [Proposed]

3  Stipulated  Protective  Order  Governing  Confidential  Information  was  filed

4  electronically through the Court's electronic filing system, which will send notice of

5  this filing to counsel for the parties.

6

7                                    s/ J. Russell Jackson

8                                    One of the Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28