## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212 735 7839
DIRECT FAX
917 777 7839
EMAIL ADDRESS
RUSSELL.JACKSON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 21, 2011

BY ELECTRONIC AND U.S. MAIL

Stuart Eppsteiner
Eppsteiner & Fiorica, Attorneys, LLP
12555 High Bluff Drive, Suite 155
San Diego, CA 92130

RE:    *Dickerson v. Electrolux Home Products, Inc.*,
       CV-10-5163

Dear Stuart:

I have received your three letters dated June 15, 2011 and June 16, 2011, in which you express certain concerns about Electrolux's discovery responses to date, seek five additional depositions, and purport to narrow the topics for the 30(b)(6) deposition you seek to take later this month. As set forth below, we believe that all three letters reflect the same fundamental problem: you continue to treat this case like a putative class action when in fact certification has been denied.

In its June 3, 2011 letter, Electrolux requested that you tailor plaintiffs' discovery requests to focus on the seven transactions that are actually in dispute in this litigation, but you still have failed to do so. Remarkably, instead of addressing this concern, you now seek even *more* materials and depositions on a wide range of topics not related to the seven washing machines the plaintiffs actually purchased.

Because you continue to proceed in discovery as if this case were still a putative class action, the majority of the pending requests are grossly overbroad. *See* Fed R. Civ. P. 26(b)(1), advisory committee note (observing that courts must focus on the parties' "actual claims and defenses" pending in the lawsuit when determining the scope of discovery); *see also In re Harmonic, Inc. Sec. Litig.*, No. C 00-2287 PJH, 2006 U.S. Dist. LEXIS 90450, at *57 (N.D. Cal. Dec. 11, 2006). Accordingly, we request that you withdraw your requests for additional depositions and attempt once again to narrow your 30(b)(6) requests. We also set forth below an offer of judgment to each plaintiff that would obviate any need to continue addressing your far-flung and overreaching requests. If your clients do not accept our offer and you

Exhibit A

3

June 3, 2011
Page 2

do not scale back your discovery requests in a meaningful way, we see no option other than moving the Court for a protective order.

**A.**     <u>**Letters Dated June 15, 2011 Regarding Document Production And Additional Notices Of Depositions**</u>

We have repeatedly noted that class certification has been denied in this litigation and accordingly have asked you to narrow plaintiffs' discovery requests to significantly reduce their burden. During our teleconference on June 13, 2011 and in our previous discussions, you represented that plaintiffs would narrow their requests to address our concerns. That has not happened. Rather, you now seek even more discovery and have noticed even more depositions. In particular, you have now requested five more depositions of Electrolux employees and demanded that Electrolux conduct multiple new searches for several additional categories of documents. This borders on harassment. These notices of Electrolux employees are redundant of the 30(b)(6) topics previously noticed, redundant of each other, and only tangentially relevant – if at all – to the remaining claims in this action.

Your additional document requests are likewise inappropriate, overbroad and disproportionate. In your letter, you seek further discovery on a broad range of topics, including internal documents about testing, far-reaching consumer feedback, and additional design information. These further requests are not targeted at plaintiffs' individual purchases. For example, you seek further discovery related to a supposed "Bacteria Free" statement in an advertisement, but there is no evidence that any of the remaining plaintiffs actually heard, much less relied upon, such a statement. Further, you seek a wide range of materials related to "Rear Shell Replacements" without tying this particular request to plaintiffs' actual claims. You also seek "Consumer Use Field Tests," which you describe as surveys taken by Electrolux users, but your request is not limited to such surveys completed by the named plaintiffs as to their washing machines. In fact, you have not alleged that any plaintiff completed one of these surveys, and therefore it is not clear how these documents would even be relevant to plaintiffs' claims at all. The other requests included in the June 15th letter are equally overbroad and unfocused.

In a showing of good faith and cooperation, Electrolux previously agreed to perform several searches for responsive documents based upon criteria that were developed during our ongoing discussions. The materials recently produced were the product of those agreed-upon searches. Still, throughout the parties' discussions, Electrolux's consistent position has been that plaintiffs are not entitled to the full body of materials sought in your overbroad requests because class certification has been denied and the burden associated with responding to your overreaching discovery requests would be highly disproportionate to both the amount of damages plaintiffs are alleging and the lack of importance of the requested discovery to their individual claims.

June 3, 2011
Page 3

After paying for an expensive search, collection, and review process, Electrolux has produced over 180,000 pages of documents. The amount charged by an outside vendor for the last round of document production – by itself – cost Electrolux around $13,000, which was *more than the total compensatory damages alleged by the plaintiffs.* That does not even include the cost of attorney review. Yet less than two weeks after that substantial document production, you are now demanding even more, farther-flung and likely duplicative written and oral discovery that is in no way tailored to the seven washing machines actually at issue in plaintiffs' cases.

In light of the fact that you keep ratcheting up your requests, we are concerned that you are not using the tools of discovery for the appropriate purpose of obtaining evidence that might be potentially relevant to plaintiffs' particular claims. Rather, it appears that you are seeking to overwhelm Electrolux with discovery for strategic purposes. Suffice it to say that is not a proper use of civil litigation procedures.

**B.** **Letter Dated June 16, 2011 And Plaintiffs' Amended 30(b)(6) Notice**

Although you have withdrawn certain topics and subtopics from the pending 30(b)(6) deposition notice, your June 16 letter fails to address Electrolux's fundamental objection to that notice. As stated in Electrolux's previous letters and during telephone discussions, the problem with your requests is that you are seeking discovery regarding all washing machines sold in the Subject States. Simply put, your discovery requests continue to seek "class" discovery, even though certification has been denied.

We have repeatedly requested that you tailor plaintiffs' 30(b)(6) Notice and accompanying document requests to apply only to the claims and defenses actually at issue in this litigation. You have not done so. For example, plaintiffs' amended 30(b)(6) Notice defines "washing machines" as *all* products "sold in the Subject States from July 14, 2005 through present." Accordingly, many of the 30(b)(6) topics and document request that incorporate the term "washing machines" are inherently overbroad. You also seek certain testimony and documents, such as those related to the declaration of Chris Hill, which only pertained to plaintiffs' previous motion for class certification, which the Court has denied.

Furthermore, because this litigation involves seven washing machines with an aggregate value of about $8,000, the resources you demand that Electrolux spend on this litigation are far out of proportion with any potential recovery. In the June 15th and 16th letters, you seem to take the position that Electrolux should have to pay for basically unlimited discovery, regardless of the amount in controversy, simply because it is a large company. That is incorrect as a matter of law. The proportionality requirement in Federal Rule of Civil Procedure 26(b)(2)(C)(iii) does not cease to apply where one party has substantial resources. *See, e.g., Major Tours,*

June 3, 2011
Page 4

*Inc. v. Colorel*, No. 05-3091, 2009 WL 3446761, at *4 (D.N.J. Oct. 20, 2009).
Moreover, although you argue that there may be some probative value in your
overbroad 30(b)(6) topics, the same value may be derived from more targeted
requests that focus on the seven product purchases actually at issue. *See, e.g.,*
*Atondo v. Swanson*, No. CIV S-08-2794, 2011 U.S. Dist. LEXIS 815, at *6 (E.D. Cal.
Jan. 5, 2011); *PIIC v. Westchester Surplus Lines Ins. Co.*, No. 4:08-CV-05686-SBA,
2010 U.S. Dist. LEXIS 34873, at *3-4 (N.D. Cal. Mar. 19, 2010).

Finally, your claim that Electrolux has reversed its position as to providing a
30(b)(6) witness is incorrect. Electrolux remains willing to work with you to
produce a 30(b)(6) witness, but you must first meet your obligations by serving a
30(b)(6) Notice designating topics that are focused on the plaintiffs' claims in this
litigation. Your recent decision to notice five additional Electrolux employees on top
of your overbroad 30(b)(6) deposition notice calls into serious question your
willingness to work with Electrolux on a reasonable discovery plan that is
proportional to the actual claims at issue in this litigation.

## C.    Offers of Judgment

As noted above, Electrolux's discovery costs in this case far exceed
plaintiffs' potential recovery. As such, although Electrolux believes it would
ultimately prevail on the merits in this litigation, Electrolux is willing to make
plaintiffs a fair and reasonable offer of judgment. Particularly in light of your
persistence in serving exceedingly expensive, overbroad discovery requests, we
believe this is the most efficient way to end this litigation. Accordingly, Electrolux
hereby serves, in accordance with Federal Rule of Civil Procedure 5(a), seven offers
of judgment pursuant to Federal Rule of Civil Procedure 68, which are enclosed with
this letter.

If plaintiffs accept the Offers of Judgment, they will each receive an amount
equal to a full refund of the purchase price of their washing machines and an
additional set amount ($500). This lump-sum offer, if accepted, will satisfy all
plaintiffs' substantive claims, costs and attorneys' fees associated with the litigation,
regardless of the actual costs or fees incurred. In return, each plaintiff will agree to
provide written assurance that he or she will not sue or take any other action against
any parent, subsidiary, affiliate, partner, director, officer, employee, administrator,
insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux in
connection with any claim that arises from or relates in any way to the facts,
circumstances, conduct and events that form the basis of or relate to the subject
matter of this action.

The Offers of Judgment to the individual plaintiffs are enclosed. This will be
considered service of the Offers of Judgment in accordance with Federal Rule of Civil
Procedure 5(b). As provided in Federal Rule of Civil Procedure 68, if the
Offers of Judgment are not accepted in writing within fourteen (14) days, they shall
be deemed withdrawn.

June 3, 2011
Page 5


   Thank you for taking the time to consider these important matters.  If you
have any questions, please do not hesitate to contact me.


       Sincerely,


       Russell Jackson


Enclosures

1  DARREL J. HIEBER (CA SBN 100857)
   darrel.hieber@skadden.com
2  JENNIFER E. LAGRANGE (CA SBN 238984)
   jennifer.lagrange@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
5  Facsimile:   (213) 687-5600

6  JOHN H. BEISNER (CA SBN 081571)
   john.beisner@skadden.com
7  JESSICA D. MILLER (pro hac vice)
   jessica.miller@skadden.com
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, D.C. 20005
   Telephone:  (202) 371-7000
10 Facsimile:   (202) 393-5760

11 Attorneys for Defendant
   ELECTROLUX HOME PRODUCTS, INC.

12

13          IN THE UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15

16          WESTERN DIVISION

17 GLENN AND DEIRDRE          ) CASE NO.:  CV-10-5163-R-(JEMx)
   DICKERSON, et al.,          )
18                             ) ELECTROLUX HOME PRODUCTS,
        Plaintiffs,            ) INC.'S OFFER OF JUDGMENT
19                             )
        v.                     )
20                             ) Hon. Manuel L. Real
   ELECTROLUX HOME            ) Action Filed:   July 14, 2010
21 PRODUCTS, INC.,            )
                              )
22      Defendant.            )
                              )
23                            )
                              )
24

25

26

27

28

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiff Tammy Fox-Isicoff has asserted, or could assert, in the Complaint. This judgment shall include: (i) payment to Plaintiff an aggregate sum of $1,500, which applies to and is meant to satisfy all Plaintiff's claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; (ii) a disclaimer of liability by the Defendant; and (iii) a written assurance from Plaintiff that she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that Plaintiff has suffered any damage. Defendant expressly denies all Plaintiff's allegations of wrongdoing and disclaims all liability. This Offer applies to all claims that Plaintiff has or could have asserted to date against Defendant and, if accepted, shall act as a complete bar to any further or future claims by Plaintiff against

Defendant arising from or relating in any way to the facts, circumstances, conduct, and events that form or relate to the subject matter of this action. This bar also applies, without limitation, to any heir, assign, successor, devisee, executor, conservator, personal representative, family member, or assign of Plaintiff who purports to assert rights or claims belonging to Plaintiff, or otherwise purports to act on Plaintiff's behalf.

Evidence of this Offer is not admissible in court for any purpose, except as set forth in Rule 68(b) of the Federal Rules of Civil Procedure. Entry of judgment pursuant this Offer shall have no effect whatsoever except in settlement of this action. This Offer of Judgment constitutes the final, complete and exclusive statement of the agreement of the parties with respect to the subject matter thereof.

As specified in Rule 68, if this Offer of Judgment is not accepted in writing within fourteen (14) days after it is served, it shall be deemed withdrawn.

DATED:  June 21, 2011                    Respectfully submitted,

                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                         By: _____/s/ Darrel J. Hieber_____
                                                Attorney for Defendant
                                         ELECTROLUX HOME PRODUCTS, INC.

1  DARREL J. HIEBER (CA SBN 100857)
   darrel.hieber@skadden.com
2  JENNIFER E. LAGRANGE (CA SBN 238984)
   jennifer.lagrange@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
5  Facsimile:   (213) 687-5600

6  JOHN H. BEISNER (CA SBN 081571)
   john.beisner@skadden.com
7  JESSICA D. MILLER (pro hac vice)
   jessica.miller@skadden.com
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, D.C. 20005
   Telephone:  (202) 371-7000
10 Facsimile:   (202) 393-5760

11 Attorneys for Defendant
   ELECTROLUX HOME PRODUCTS, INC.
12

13              IN THE UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15              WESTERN DIVISION

16

17 GLENN AND DEIRDRE          )  CASE NO.:  CV-10-5163-R-(JEMx)
   DICKERSON, et al.,         )
18                            )  ELECTROLUX HOME PRODUCTS,
          Plaintiffs,         )  INC.'S OFFER OF JUDGMENT
19                            )
       v.                     )
20                            )  Hon. Manuel L. Real
   ELECTROLUX HOME            )  Action Filed:    July 14, 2010
21 PRODUCTS, INC.,            )
                              )
22        Defendant.          )
                              )
23                            )

24

25

26

27

28

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiffs Jennifer Schroder and Steve Schroder ("Plaintiffs") have asserted, or could assert, in their Complaint. This judgment shall include: (i) payment to Plaintiffs of an aggregate sum of $1,771.98 (distributed evenly between both Plaintiffs), which applies to and is meant to satisfy all Plaintiffs' claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; (ii) a disclaimer of liability by the Defendant; and (iii) a written assurance from each Plaintiff that he or she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that any Plaintiff has suffered any damage. Defendant expressly denies all Plaintiffs' allegations of wrongdoing and disclaims all liability. This Offer applies to all claims that Plaintiffs have or could have asserted to date against Defendant and, if accepted,

1  shall act as a complete bar to any further or future claims by any Plaintiff against

2
3  Defendant arising from or relating in any way to the facts, circumstances, conduct,

4  and events that form or relate to the subject matter of this action.  This bar also

5  applies, without limitation, to any heir, assign, successor, devisee, executor,

6
7  conservator, personal representative, family member, or assign of any Plaintiff who

8  purports to assert rights or claims belonging to any Plaintiff, or otherwise purports to

9  act on any Plaintiff's behalf.

10
11      Evidence of this Offer is not admissible in court for any purpose, except as set

12  forth in Rule 68(b) of the Federal Rules of Civil Procedure.  Entry of judgment

13  pursuant this Offer shall have no effect whatsoever except in settlement of this action.

14
15  This Offer of Judgment constitutes the final, complete and exclusive statement of the

16  agreement of the parties with respect to the subject matter thereof.

17      As specified in Rule 68, if this Offer of Judgment is not accepted in writing

18
19  within fourteen (14) days after it is served, it shall be deemed withdrawn.

20
21  DATED:  June 21, 2011              Respectfully submitted,

22                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM LLP
23
24                                    By: _____/s/ Darrel J. Hieber_____
                                              Attorney for Defendant
25                                    ELECTROLUX HOME PRODUCTS, INC.

26

27

28

1 | DARREL J. HIEBER (CA SBN 100857)
darrel.hieber@skadden.com
2 | JENNIFER E. LAGRANGE (CA SBN 238984)
jennifer.lagrange@skadden.com
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
4 | Los Angeles, California 90071-3144
Telephone: (213) 687-5000
5 | Facsimile: (213) 687-5600

6 | JOHN H. BEISNER (CA SBN 081571)
john.beisner@skadden.com
7 | JESSICA D. MILLER (pro hac vice)
jessica.miller@skadden.com
8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
9 | Washington, D.C. 20005
Telephone: (202) 371-7000
10 | Facsimile: (202) 393-5760

11 | Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.
12 |

13 | IN THE UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 |

16 | WESTERN DIVISION

17 | GLENN AND DEIRDRE ) CASE NO.: CV-10-5163-R-(JEMx)
DICKERSON, et al., )
18 | ) ELECTROLUX HOME PRODUCTS,
Plaintiffs, ) INC.'S OFFER OF JUDGMENT
19 | )
v. )
20 | ) Hon. Manuel L. Real
ELECTROLUX HOME ) Action Filed: July 14, 2010
21 | PRODUCTS, INC., )
)
22 | Defendant. )
)
23 | )

24 |

25 |

26 |

27 |

28 |

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiffs Deirdre Dickerson and Glenn Dickerson ("Plaintiffs") have asserted, or could assert, in their Complaint.  This judgment shall include:  (i) payment to Plaintiffs of an aggregate sum of $1,676.45 (distributed evenly between both Plaintiffs), which applies to and is meant to satisfy all Plaintiffs' claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; (ii) a disclaimer of liability by the Defendant; and (iii) a written assurance from each Plaintiff that he or she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that any Plaintiff has suffered any damage.  Defendant expressly denies all Plaintiffs' allegations of wrongdoing and disclaims all liability.  This Offer applies to all claims that Plaintiffs have or could have asserted to date against Defendant and, if accepted,

shall act as a complete bar to any further or future claims by any Plaintiff against Defendant arising from or relating in any way to the facts, circumstances, conduct, and events that form or relate to the subject matter of this action. This bar also applies, without limitation, to any heir, assign, successor, devisee, executor, conservator, personal representative, family member, or assign of any Plaintiff who purports to assert rights or claims belonging to any Plaintiff, or otherwise purports to act on any Plaintiff's behalf.

Evidence of this Offer is not admissible in court for any purpose, except as set forth in Rule 68(b) of the Federal Rules of Civil Procedure. Entry of judgment pursuant this Offer shall have no effect whatsoever except in settlement of this action. This Offer of Judgment constitutes the final, complete and exclusive statement of the agreement of the parties with respect to the subject matter thereof.

As specified in Rule 68, if this Offer of Judgment is not accepted in writing within fourteen (14) days after it is served, it shall be deemed withdrawn.

DATED: June 21, 2011  Respectfully submitted,

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

          By: _____/s/ Darrel J. Hieber_____
               Attorney for Defendant
          ELECTROLUX HOME PRODUCTS, INC.

1 | DARREL J. HIEBER (CA SBN 100857)
darrel.hieber@skadden.com
2 | JENNIFER E. LAGRANGE (CA SBN 238984)
jennifer.lagrange@skadden.com
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
4 | Los Angeles, California 90071-3144
Telephone: (213) 687-5000
5 | Facsimile: (213) 687-5600

6 | JOHN H. BEISNER (CA SBN 081571)
john.beisner@skadden.com
7 | JESSICA D. MILLER (pro hac vice)
jessica.miller@skadden.com
8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
9 | Washington, D.C. 20005
Telephone: (202) 371-7000
10 | Facsimile: (202) 393-5760

11 | Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.
12

13 | IN THE UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15

16 | WESTERN DIVISION

17 | GLENN AND DEIRDRE          ) CASE NO.: CV-10-5163-R-(JEMx)
DICKERSON, et al.,          )
18 |                             ) ELECTROLUX HOME PRODUCTS,
        Plaintiffs,            ) INC.'S OFFER OF JUDGMENT
19 |                             )
     v.                       )
20 |                             ) Hon. Manuel L. Real
ELECTROLUX HOME             ) Action Filed: July 14, 2010
21 | PRODUCTS, INC.,            )
                             )
22 |    Defendant.             )
                             )
23 |                             )
                             )
24 |                             )

25

26

27

28

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiffs Shelena Hunter and Daniel Hunter ("Plaintiffs") have asserted, or could assert, in their Complaint.  This judgment shall include:  (i) payment to Plaintiffs of an aggregate sum of $1,195.00 (distributed evenly between both Plaintiffs), which applies to and is meant to satisfy all Plaintiffs' claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; (ii) a disclaimer of liability by the Defendant;  and (iii) a written assurance from each Plaintiff that he or she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that any Plaintiff has suffered any damage.  Defendant expressly denies all Plaintiffs' allegations of wrongdoing and disclaims all liability.  This Offer applies to all claims that Plaintiffs have or could have asserted to date against Defendant and, if accepted,

shall act as a complete bar to any further or future claims by any Plaintiff against

Defendant arising from or relating in any way to the facts, circumstances, conduct,

and events that form or relate to the subject matter of this action.  This bar also

applies, without limitation, to any heir, assign, successor, devisee, executor,

conservator, personal representative, family member, or assign of any Plaintiff who

purports to assert rights or claims belonging to any Plaintiff, or otherwise purports to

act on any Plaintiff's behalf.

Evidence of this Offer is not admissible in court for any purpose, except as set

forth in Rule 68(b) of the Federal Rules of Civil Procedure.  Entry of judgment

pursuant this Offer shall have no effect whatsoever except in settlement of this action.

This Offer of Judgment constitutes the final, complete and exclusive statement of the

agreement of the parties with respect to the subject matter thereof.

As specified in Rule 68, if this Offer of Judgment is not accepted in writing

within fourteen (14) days after it is served, it shall be deemed withdrawn.

DATED:  June 21, 2011                    Respectfully submitted,

                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP

                                         By: _____/s/ Darrel J. Hieber_____
                                                   Attorney for Defendant
                                         ELECTROLUX HOME PRODUCTS, INC.

1  DARREL J. HIEBER (CA SBN 100857)
   darrel.hieber@skadden.com
2  JENNIFER E. LAGRANGE (CA SBN 238984)
   jennifer.lagrange@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
5  Facsimile:  (213) 687-5600

6  JOHN H. BEISNER (CA SBN 081571)
   john.beisner@skadden.com
7  JESSICA D. MILLER (pro hac vice)
   jessica.miller@skadden.com
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, D.C. 20005
   Telephone:  (202) 371-7000
10 Facsimile:  (202) 393-5760

11 Attorneys for Defendant
   ELECTROLUX HOME PRODUCTS, INC.
12

13                  IN THE UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16                        WESTERN DIVISION

17 GLENN AND DEIRDRE              ) CASE NO.:  CV-10-5163-R-(JEMx)
   DICKERSON, et al.,             )
18                                ) ELECTROLUX HOME PRODUCTS,
          Plaintiffs,             ) INC.'S OFFER OF JUDGMENT
19                                )
       v.                         )
20                                ) Hon. Manuel L. Real
   ELECTROLUX HOME                ) Action Filed:    July 14, 2010
21 PRODUCTS, INC.,                )
                                  )
22        Defendant.              )
                                  )
23                                )
                                  )
24

25

26

27

28

                              Exhibit A
                                 20

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiffs Samantha Eddy and John Eddy ("Plaintiffs") have asserted, or could assert, in their Complaint. This judgment shall include: (i) payment to Plaintiffs of an aggregate sum of $1420.73 (distributed evenly between both Plaintiffs), which applies to and is meant to satisfy all Plaintiffs' claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; and (iii) a written assurance from each Plaintiff that he or she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that any Plaintiff has suffered any damage. Defendant expressly denies all Plaintiffs' allegations of wrongdoing and disclaims all liability. This Offer applies to all claims that Plaintiffs have or could have asserted to date against Defendant and, if accepted,

1

shall act as a complete bar to any further or future claims by any Plaintiff against Defendant arising from or relating in any way to the facts, circumstances, conduct, and events that form or relate to the subject matter of this action. This bar also applies, without limitation, to any heir, assign, successor, devisee, executor, conservator, personal representative, family member, or assign of any Plaintiff who purports to assert rights or claims belonging to any Plaintiff, or otherwise purports to act on any Plaintiff's behalf.

Evidence of this Offer is not admissible in court for any purpose, except as set forth in Rule 68(b) of the Federal Rules of Civil Procedure. Entry of judgment pursuant this Offer shall have no effect whatsoever except in settlement of this action. This Offer of Judgment constitutes the final, complete and exclusive statement of the agreement of the parties with respect to the subject matter thereof.

As specified in Rule 68, if this Offer of Judgment is not accepted in writing within fourteen (14) days after it is served, it shall be deemed withdrawn.

DATED: June 21, 2011      Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ /s/ Darrel J. Hieber _____
Attorney for Defendant
ELECTROLUX HOME PRODUCTS, INC.

1   DARREL J. HIEBER (CA SBN 100857)
    darrel.hieber@skadden.com
2   JENNIFER E. LAGRANGE (CA SBN 238984)
    jennifer.lagrange@skadden.com
3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue
4   Los Angeles, California 90071-3144
    Telephone:  (213) 687-5000
5   Facsimile:   (213) 687-5600

6   JOHN H. BEISNER (CA SBN 081571)
    john.beisner@skadden.com
7   JESSICA D. MILLER (pro hac vice)
    jessica.miller@skadden.com
8   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    1440 New York Avenue, N.W.
9   Washington, D.C. 20005
    Telephone:  (202) 371-7000
10  Facsimile:   (202) 393-5760

11  Attorneys for Defendant
    ELECTROLUX HOME PRODUCTS, INC.
12

13              IN THE UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15

16                      WESTERN DIVISION

17  GLENN AND DEIRDRE          )   CASE NO.:  CV-10-5163-R-(JEMx)
    DICKERSON, et al.,         )
18                             )   ELECTROLUX HOME PRODUCTS,
         Plaintiffs,           )   INC.'S OFFER OF JUDGMENT
19                             )
         v.                    )
20                             )   Hon. Manuel L. Real
    ELECTROLUX HOME            )   Action Filed:   July 14, 2010
21  PRODUCTS, INC.,            )
                               )
22       Defendant.            )
                               )
23                             )
                               )
24

25

26

27

28

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Electrolux Home Products, Inc. ("Defendant") hereby offers to allow judgment to be taken against it in full settlement of each and every claim for relief and all causes of action arising from or relating to the facts, circumstances, conduct, and events that Plaintiffs Gail Walkover and Isaac Walkover ("Plaintiffs") have asserted, or could assert, in their Complaint. This judgment shall include: (i) payment to Plaintiffs of an aggregate sum of $2,079.15 (distributed evenly between both Plaintiffs), which applies to and is meant to satisfy all Plaintiffs' claims for alleged damages or any other substantive relief as well as any claim for costs or any other fees, including attorneys' fees, accrued to date; and (iii) a written assurance from each Plaintiff that he or she will not sue or take any other action against any parent, subsidiary, affiliate, partner, director, officer, employee, administrator, insurer, attorney, advisor, customer, vendor, distributor, or agent of Electrolux Home Products, Inc. in connection with any claim that arises from or relates in any way to the facts, circumstances, conduct and events that form the basis of or relate to the subject matter of this action.

This Offer is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendant is liable in this action, or that any Plaintiff has suffered any damage. Defendant expressly denies all Plaintiffs' allegations of wrongdoing and disclaims all liability. This Offer applies to all claims that Plaintiffs have or could have asserted to date against Defendant and, if accepted,

1

1  shall act as a complete bar to any further or future claims by any Plaintiff against

2  Defendant arising from or relating in any way to the facts, circumstances, conduct,

3

4  and events that form or relate to the subject matter of this action.  This bar also

5  applies, without limitation, to any heir, assign, successor, devisee, executor,

6

7  conservator, personal representative, family member, or assign of any Plaintiff who

8  purports to assert rights or claims belonging to any Plaintiff, or otherwise purports to

9  act on any Plaintiff's behalf.

10      Evidence of this Offer is not admissible in court for any purpose, except as set

11  forth in Rule 68(b) of the Federal Rules of Civil Procedure.  Entry of judgment

12

13  pursuant this Offer shall have no effect whatsoever except in settlement of this action.

14  This Offer of Judgment constitutes the final, complete and exclusive statement of the

15

16  agreement of the parties with respect to the subject matter thereof.

17      As specified in Rule 68, if this Offer of Judgment is not accepted in writing

18  within fourteen (14) days after it is served, it shall be deemed withdrawn.

19

20  DATED:  June 21, 2011          Respectfully submitted,

21

22                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM LLP

23

24                                 By:  _____/s/ Darrel J. Hieber_____
                                          Attorney for Defendant
25                                 ELECTROLUX HOME PRODUCTS, INC.

26

27

28

2